INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. RANCE JOHNSON AND WIFE.

Decided May 8, 1906.

**1.—Cold Waiting Room—Subsequent Illness—Prima Facie Case.**

Plaintiff's wife went to defendant's depot to take one of its trains at 2:30 in the morning on January 23.  The night was cold and bleak.  Because the depot was closed and locked she was obliged to stand outside for 20 minutes.  When the waiting room was opened there was no fire in the stove, and the train being late she waited in the cold room 40 minutes longer.  Immediately thereafter she suffered from sore throat, pains in the chest, rigors and fever.  Held, the evidence made a *prima facie* case as to the cause of her illness.

**2.—Physical Pain—Mental Pain.**

The general rule is that from physical injury and pain, mental suffering will be implied without further proof.

**3.—Waiting for Delayed Train.**

Defendant's train being late and plaintiff's wife not being advised when it would arrive, she had the right to remain in the waiting room until the train did arrive, and in doing so she was not guilty of contributory negligence.

Appeal from the County Court of Montgomery County.  Tried below before Hon. J. T. Rucks.

*N. A. Stedman* and *Gould & Morris,* for appellant.—The court erred in overruling defendant's motion for a new trial because the verdict of the jury is unsupported by the evidence in this:  While the evidence shows that the plaintiff's wife was exposed to the cold weather, without a fire, for about an hour, and that she was afterwards sick and had chills, the evidence in no way shows that said exposure was the cause of said sickness.  St. Louis, T. & A. Ry. v. Burns, 71 Texas, 481.

The court erred in overruling defendant's motion for a new trial because said verdict is grossly excessive in amount and not supported by

the evidence as to amount, because the evidence showed that the plaintiff was only exposed to the weather, which was not freezing, for about an hour, three-quarters of which time she was inside of a tight waiting-room, and it fails to show that plaintiff's sickness was caused by said exposure, and the sickness only lasted about two weeks, and plaintiff showed no damage for lost time of his wife. And $300 was largely excessive in amount for that sickness for that length of time, unaccompanied by any mental anguish. Texas & Pac. Ry. v. Shoemaker, 84 S. W. Rep., 1052.

The court erred in instructing the jury that in assessing damages for plaintiff they could take into consideration mental pain, if any, of his said wife; because there was not a scintilla of evidence that she suffered any mental pain by reason of her sickness and the negligence of defendant. International & G. N. Ry. v. Lock, 20 S. W. Rep., 855; Atchison, T. & S. F. Ry. v. Click, 5 Texas Civ. App., 225; Fordyce v. Chaucey, 2 Texas Civ. App., 26; Houston, E. & W. T. Ry. v. Simpson, 81 S. W. Rep., 353.

The court erred in charging the jury as follows: The plaintiff's wife had a right to remain at said depot during all the time which she had a right under the circumstances to reasonably expect the arrival of the train. Rev. Stats., art. 1317; Houston & T. C. Ry. v. Bell, 73 S. W. Rep., 59; International & G. N. Ry. v. Underwood, 64 Texas, 463.

No briefs for appellee.

GILL, CHIEF JUSTICE.—Rance Johnson sued the International and Great Northern Railroad Company to recover damages alleged to have been sustained by his wife, Frances, by reason of the failure of the company to open its waiting room at Conroe, Texas, and to keep it warm for the comfort of those desiring to take passage on its trains.

The company answered by general denial and plea of contributory negligence.

A trial by jury resulted in a verdict and judgment for plaintiff for $300 and the company has appealed.

The record justifies the following fact conclusions: The plaintiff's wife went to Conroe, a station on defendant's line, for the purpose of taking passage on one of defendant's passenger trains. She arrived there by rail at night and went at once to a lodging house where she secured a room and went to bed, after arranging to be called in time for the train. The train was due at 2:50 a. m. The time was January 23 and the weather was cold and windy though it was not freezing. She was called in due time and got up and dressed and went to the depot for the purpose of taking passage on the train. She arrived at the waiting room about 30 minutes before the time the train was due, but found the waiting room closed and locked. Some of those who were with her sought to awaken the agent and have him open the door, but it was not opened for about 20 minutes after their arrival, during which time they were compelled to stand in the wind and cold. Plaintiff's wife became quite chilly. When they went into the waiting room they found that there was no fire in the stove and no fuel with which to make one. They remained at the depot and in the waiting room an hour before the train

arrived (it being about 40 minutes late) and plaintiff's wife became so cold she had a rigor, or to use the words of the witnesses "her teeth chattered." Upon the arrival of the train she took passage, paying her fare, and thereafter spent three weeks in Galveston visiting relatives. While on the train she had another chill and her throat and lungs became very sore. She was confined to her bed two weeks in Galveston. Had other chills and some fever. She had a physician once and did not recover until the end of the third week. She suffered pain in her throat and chest.

One of the grounds upon which a new trial was sought was that the plaintiff did not expressly say that her illness was due to the exposure at the depot and in the waiting room, nor did she call a physician to so testify, and the failure of the trial court to sustain the point is assigned as error.

We perceive no merit in the assignment. There is no suggestion that she was ill when she arrived at Conroe or when she went to the station. The rigor which she suffered in the cold waiting room was a very natural consequence of standing in the bleak wind for 20 minutes at 2:30 in the morning, and it was followed up by what might have been naturally expected, a sore throat, pains in the chest and other chills or rigors, and fever. There is no suggestion that the chills were malarial. We think when the plaintiff showed an efficient cause and a natural and not unusual consequence immediately following, a *prima facie* case was made as to the cause of her illness. In St. Louis, T. & A. Ry. v. Burns, 71 Texas, 481, the court simply holds that the burden of proof was on the plaintiff to show that the illness was due to defendant's negligence. The court so charged in this case and we hold, as did the trial judge, that the jury were justified in concluding that this burden had been discharged.

The complaint is also made that the verdict is excessive. While the sum awarded is perhaps large in view of all the facts, we can not say the jury has abused its discretion in fixing the sum.

The further point is made that the court erred in instructing the jury that they might, in assessing the damages, consider the mental pain, if any, of plaintiff's wife suffered as a consequence of appellant's failure of duty. It is contended that as there was no direct evidence of mental pain the issue had no support in the testimony. The plaintiff's wife testified to physical pain and the general rule is that from physical injury and pain, mental suffering will be implied without further proof. (Texas & Pac. Ry. v. Curry, 64 Texas, 85.)

On the proposition that this rule does not apply to illness consequent upon the fault of another, appellant cites Houston, E. & W. T. Ry. v. Simpson, 81 S. W. Rep., 353. In that case Chief Justice James while conceding that damages for mental pain might be recovered where it results from illness caused by the fault of another, remarks that no court has gone so far as to hold that mental pain may be inferred from a case of chills and fever. In Brown v. Sullivan, 71 Texas, 470, it is held that mental distress must attend a serious physical injury accompanied by pain of body and may be inferred without further proof.

We can not see how the conclusion can be escaped that this is necessarily true of all illness accompanied by physical pain. Had the ex-

posure in the case at bar resulted in an attack of pneumonia can it be doubted that mental distress would have been its inevitable attendant? Justice Gaines in Brown's case, *supra,* merely declares what is common knowledge. In Galveston, H. & S. A. Ry. v. Rubio, 65 S. W. Rep., 1127, in an opinion by Chief Justice James, Brown v. Sullivan is·cited as applicable to a case of illness. We are therefore impelled to the conclusion that in Simpson's case, supra, there was no proof of physical pain attendant upon the illness or some other reason resting in the facts which distinguishes that case.

Appellant complains of the special charge given at the request of plaintiffs to the effect that the plaintiff's wife had the right to remain at the depot during the time she had a right, under the circumstances, to expect the arrival of the train. At the request of defendant a charge had been given submitting the issue of contributory negligence predicated upon the failure of plaintiff's wife to return to the lodging house when she found the waiting room closed and unheated. The point is made that the charge complained of withdraws this issue from the jury.

The facts bearing upon this point are as follows: The lodging house at which plaintiff's wife spent the night was situated between one hundred and one hundred and fifty yards from the station. When she was admitted to the waiting room the train was due, according to its schedule, in a few minutes. She had not been advised that it was late or that if late could safely assume that it would not arrive at any time after the usual hour for its arrival. It is apparent that to return to the lodging house would have been an act of folly if she intended to leave on the expected train, for not only is it apparent that she might find it necessary to return to the station at any moment, but it is also true that without any means of knowing the exact time of arrival of the delayed train she would have thus run a grave risk of missing it altogether. Under these facts it does not lie with defendant to say that she forfeited her rights by failing to pursue the suggested course. We are therefore of opinion the issue of contributory negligence in this respect was not in the case. It follows that the court did not err in giving the charge complained of, for it clearly defined her rights.

Appellant lays much stress upon the fact that while every passenger in the party suffered in some degree from the cold and exposure no other person became ill therefrom. This is a matter of no consequence in this case, it having been shown that plaintiff did sustain the damage alleged. The judgment is affirmed.

*Affirmed.*