GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V. W. S. PARISH.

Decided March 13, 1907.

**1.—Personal Injuries—Fact Case.**

In a suit for personal injuries caused by the giving way of a handhold and stirrup on a freight car, evidence considered and held sufficient to preclude the giving of a peremptory instruction for the defendant and to warrant the trial court in overruling defendant's motion for new trial.

**2.—Same—Allegations—Charge.**

Where, in a suit for personal injuries, the trial court submits the case in substantial accordance with the allegations of the petition, the defendant should request more specific instructions if it deems the charge too general.

**3.—Bodily Injury—Mental Anguish.**

Serious and continuing bodily injury will support a finding of mental anguish.

Appeal from the Fifty-seventh District Court, Bexar County. Tried below before Hon. Arthur W. Seeligson.

*Baker, Botts, Parker & Garwood, Newton & Ward* and *W. B. Teagarden,* for appellant.—The presumption is that the master and his inspectors have discharged their duties; that inspectors are competent; that appliances and material are in proper condition, and the burden is on plaintiff to overcome this presumption. Gravelle v. Minneapolis & St. L. Ry., 10 Fed. Rep., 711; Rose v. Boston & A. Ry., 58 N. Y., 217; Davis v. Detroit & M. Ry., 20 Mich., 105.

Appellate courts will disturb the judgments of trial courts when they appear to be manifestly against the truth and justice of the case. Missouri Pac. Ry. v. Somers, 78 Texas, 439; Choate v. San Antonio & A. P. Ry., 91 Texas, 406; Houston & T. C. Ry. v. Schmidt, 61 Texas, 282; Houston & T. C. Ry. v. Loeffler, 51 S. W. Rep., 536; Texas & N. O. Ry. v. Brown, 2 Texas Civ. App., 281.

*Perry J. Lewis* and *H. C. Carter,* for appellee.

JAMES, CHIEF JUSTICE.—The petition of appellee alleged that he was conductor of one of defendant's freight trains running from Houston to San Antonio; that on or about March 19, 1902, when the train was at Seguin and while in the performance of his duties, he was ascending a box car using a stirrup and handholds provided for the purpose, and placing his foot in the stirrup it gave way and caused him to fall backward from the car, injuring him seriously, painfully and permanently. Alleged the negligence of defendant as follows: "That

his said injuries were caused wholly by the carelessness and negligence of the defendant company, its servants and employes; that the car, which the said plaintiff was proceeding to ascend, was a box car and was provided with iron handholds on the sides thereof and with a stirrup just underneath the side of said car and below the said handholds; that said stirrup and handholds are made of iron and are fastened to the car with screws or bolts and are intended and made for the purpose of being used by the employes in ascending and descending the car. That the said stirrup on the said car, which plaintiff was ascending, was defective, loose and insecurely fastened to said car; and by reason of this was in a defective and unsafe condition for the purpose for which it was intended to be used; and the said stirrup was unfastened to said car, and by reason thereof the said stirrup was in an unsafe and defective condition and not fit to be used for the purpose for which it was intended to be used, and plaintiff avers the fact to be that while he was in the act of ascending the said car, and as he was placing his foot in the said stirrup, which was in such unsafe and defective condition, the said stirrup, by reason of said condition, turned and gave way and was unable to sustain the weight of his body and precipitated and threw him with great force and violence backward upon the ground, seriously, painfully and permanently injuring him as hereinafter stated.

"Plaintiff further avers that prior to his said injuries he did not know of the unsafe and defective condition of the said stirrup, but that the defendant knew of the said unsafe and defective condition of said stirrup, or by the exercise of ordinary care and prudence and a reasonable inspection of said car would have known it. That plaintiff was in the exercise of reasonable care and his said injuries were not due in any respect to his fault, but were directly caused by the carelessness and negligence of the defendant company, as aforesaid."

The answer was a general demurrer and general denial. A verdict for $10,000 was returned.

The first and second assignments of error complain of the refusal of a peremptory instruction for defendant, and of the overruling of the motion for new trial, on account of the evidence being wanting to support the verdict, and because the verdict was against the overwhelming weight of the evidence. Under the assignments appellant states the following proposition: "Appellee offered no proof whatever to show negligence on the part of appellant, but contented himself with the bare statement that as he attempted to mount the car, in the dark, the step gave way with him. Appellant took up the burden and showed by uncontradicted testimony that the car was a foreign car; that it had been but a few hours in its custody, during which time it had been carefully inspected by an inspector of several years' experience, at which time— only two or three hours before the alleged accident—the step was in good condition. An examination of the step just after the accident disclosed everything in perfect condition, except that one of the nuts was missing, and the threads of the bolt showed that it had been very recently removed by some unknown means. Appellee not only failed to show negligence on appellant's part, but the undisputed proof wholly exonerated appellant from any blame whatever, and it was error to refuse to instruct a verdict for appellant, as was requested, because there was

no competent testimony to support a verdict, and also error to refuse to grant appellant's motion for new trial, for the same reason."

In reference to this proposition and argument thereunder we make from the testimony the following conclusions: 1st. That the inspection referred to at Glidden, if any, of this car, was superficial and wanting in proper care, and not calculated, as to the manner of its execution, and the time occupied in doing it, to detect the defective condition of the step and that this was negligence. There was evidence that the train of which this car was a part at Glidden consisted of 27 or 29 cars, and that the inspection of the train consumed fifteen minutes and some of the testimony says ten minutes, which would allow a fraction of a minute to each car. There was testimony that it required three to five minutes to inspect a car properly.

2d. It was testified to that if the nut had been securely fastened to the bolt at Glidden, it would have been so at Seguin, it being a run of a few hours; that if nothing had been done to the stirrup after leaving Glidden, the defect must have existed at Glidden, and that such defect could have been readily discovered. Plaintiff testified that he did not loosen the step, that there was no wreck or accident to the car between Glidden and Seguin, and that there was no way for the step to be injured or put out of order between those points. As against this appellant had evidence of an inspection of the car when it reached San Antonio which inspection showed that the bolt and threads were in first class order, and that the threads looked like the nut had been recently removed, that it appeared that the nut had not been long off, and that it was quite recently off. This inspector testified further that the two nuts in the other end of the stirrup from the one that was missing, were loose. This evidence was not sufficient as a matter of law to preclude a finding that the defective condition of the step existed at Glidden. We may here mention the circumstance that it was not shown with certainty where this car was placed in the train, but it is a fair inference that it was a part of the train at Glidden, where defendant claims it was duly inspected.

The third assignment of error is as follows: "The court erred in refusing to grant defendant's motion for a new trial, because the overwhelming weight of the facts show the car step in question was duly inspected and found in good condition at Glidden, the last inspection point, and only a few hours before the accident; and an inspection of the step at the time of its arrival in San Antonio, and soon after the accident, disclosed that the only defect about it was the absence of one nut, and that this had been very recently removed. The facts also show that plaintiff had, on the eastern trip, violated an order, the penalty for which was discharge from the service, and he was returning to San Antonio, where his discharge would very probably follow. It also appears from the facts, that no one was present when he claims to have fallen, and no evidences of injury could be found about his person of any consequence; and that the overwhelming weight of the facts show, not only that there was no negligence on the part of defendant, but that in this suit plaintiff has perpetrated a fraud upon defendant, and the conduct of the jury in giving him a verdict, in the face of the overwhelming facts above referred to, manifests that they were actuated by prejudice

or other improper motives, and it was error for the court to refuse defendant's motion for a new trial."

It is very evident that the matters pointed to in this assignment were such as addressed themselves to the jury, and we would have to pass upon the credibility of the witnesses as well as the weight of the testimony to disturb the verdict on such grounds.

The fifth complains of the following paragraph of the charge: "If you believe from the evidence that on or about March 19, 1902, the plaintiff, W. S. Parish, was in the employ of the defendant in the capacity of a conductor upon one of its freight trains, and that upon said date he was in the performance of his duty upon a freight train running westward toward the city of San Antonio, and that when said freight train was in or near the station of Seguin, it became plaintiff's duty to ascend one of the cars in said train, and that there was a stirrup upon said car for the purpose of assisting such ascent, and that, in the discharge of his duty, the said W. S. Parish attempted to use said stirrup on said car to enable him to ascend said car, and that, while doing so, the said stirrup on said car turned with him, and caused him to fall, and caused him to sustain any of the injuries alleged in his petition, and if you further believe from the evidence that the said stirrup on said car was loose, defective and insecurely fastened to said car, as alleged in plaintiff's petition, and that by reason thereof it turned with the plaintiff and caused him to fall, if you find it turned with the plaintiff, and caused him to fall, and that, by the exercise of ordinary care the defendant would have known that said stirrup was in such loose, defective and insecure condition, if you find it was in such condition, and if you further find from the evidence that it was negligence on the part of the defendant to permit said stirrup to be in such condition, and that such negligence, if any, directly caused plaintiff's injuries, if any, and if you further find that plaintiff was not guilty of any negligence, then I charge you that your verdict must be for the plaintiff." It is observed that this charge submits the case in substantial accordance with the allegations of the petition. It appears that the defect shown by the testimony was the absence of the nut from a bolt in the stirrup; and that the effect of this was to render it loose, defective and insecure. This did not vary from the allegations. The criticism is that the charge submitted the matter too generally. If defendant was not satisfied with this, it should have requested a charge more specific. A more specific instruction, such as indicated in the brief, could have been given without its being inconsistent with the one that was given.

The sixth is that the court erred in the following clause of the charge: "If, however, you believe from the evidence that said stirrup was not loose, defective and insecurely fastened to said car, or if you believe from the evidence that the defendant was not guilty of negligence in permitting said step to be loose, defective and insecurely fastened to said car, if you find it was in that condition, then the defendant would not be liable and you will so find by your verdict."

The vices claimed to exist in the above are that it assumed or was calculated to induce the jury to take it for granted that defendant had knowledge of the alleged defective condition of the step and permitted

it to be so, and that plaintiff was actually injured as claimed. The charge is clearly not subject to these objections.

The seventh assignment is not sustained for the reason that serious and continuing bodily injury will support a finding of mental anguish. (Brown v. Sullivan, 71 Texas, 478; International & G. N. Ry. v. Johnson, 95 S. W. Rep., 595, and cases there cited.)

The fourth assignment is that the verdict is manifestly excessive in amount. We are unable to so declare from the evidence.

*Affirmed.*

Writ of error refused.