## FREEMAN v. JOHNSON.†

(Court of Civil Appeals of Texas. March 15, 1911. Rehearing Denied April 19, 1911.)

1. NEGLIGENCE (§ 4*)—OMISSION TO ACT.
   Omission to do what ordinary care requires is as negligent as a direct act required to be done with ordinary care.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 6; Dec. Dig. § 4.*]

2. CARRIERS (§ 348*)—PASSENGERS—INJURY—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.
   In an action for injury to a railway passenger who fell on an unlighted station platform, an instruction that contributory negligence means negligence of one injured contributing to injury inflicted by another was not erroneous as precluding consideration of contributory negligence solely causing injury.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1407; Dec. Dig. § 348.*]

3. DAMAGES (§ 50*)—PERSONAL INJURY—MENTAL SUFFERING.
   In a personal injury action, mental suffering by plaintiff can be considered where the injury is serious and probably permanent.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. § 100; Dec. Dig. § 50.*]

4. DAMAGES (§ 132*)—PERSONAL INJURY—EXCESSIVENESS.
   $10,000 was not excessive recovery for permanent injury to a 67 year old man's knee making the leg an incumbrance.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 377, 378; Dec. Dig. § 132.*]

Appeal from District Court, Atascosa County; E. A. Stevens, Judge.

Action by Virgil Johnson against T. J. Freeman, receiver of the International & Great Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

King & Morris, Hicks & Hicks, and F. C. Davis, for appellant. Bertrand & Arnold, Geo. M. Martin, James A. Walton, John W. Preston, W. W. Walling, and F. H. Burmeister, for appellee.

JAMES, C. J. This action was by appellee to recover damages for injury received by him at defendant's station of Lytle. The petition alleged that he had bought a ticket to take an approaching train at that station, and, when the train arrived, he started down the steps of said passenger depot to get on the train, and while going down he fell therefrom and received his injury; that the night was dark, and defendant had no light of any kind there to light the platform and steps, and in the darkness plaintiff in descending the steps fell from the steps to the ground, and negligence was charged in the failure to have the steps lighted, which negligence was the proximate cause of his injury. Defendant pleaded by demurrers, general denial, and contributory negligence. The verdict was for $10,000.

[2] The first assignment is that this charge

was error: "Contributory negligence, as used herein, means negligence on the part of the person injured, which contributes to an injury received from or inflicted by another."

The idea of appellant, as expressed in the proposition, is that a person is guilty of contributory negligence when his negligence alone causes his injury, as well as when his negligence concurs with some act of defendant; and the use of the language "which contributes to an injury received from or inflicted by another" was erroneous and misleading where the negligence of the defendant did not consist of any act of defendant, but from its passive negligence if anything.

[1] The omission to do what ordinary care requires is as much an act of negligence as some direct act which is required to be done with ordinary care. Really the act of negligence alleged and shown was the having of the premises in an unlighted condition. Under the facts of the case and the charge submitting it, there was nothing in the instruction complained of which was calculated to mislead the jury from giving due consideration to the matter of contributory negligence.

The second, third, and fourth assignments are grouped, and under them we have the following proposition: "When the evidence fails to show that plaintiff's injury was the result of the alleged negligence of the defendant, or shows that such injury was the result of plaintiff's contributory negligence, or of a mere accident, he cannot recover."

We have considered the testimony, and form the conclusion that the facts and circumstances were such as warranted the jury in finding that the failure to have the platform and steps lighted was negligence on the part of defendant, that it was by reason of such failure that plaintiff sustained his fall and his injury, and that this occurred without negligence on his part.

[4] The remaining assignments complain of excess in the amount of the verdict. To go over and review in this opinion all that both parties have to say on this subject would needlessly extend this opinion. There was testimony, which the jury may have, and doubtless, credited, which went to show that plaintiff sustained a severe fracture of his kneecap with a tearing loose and practical destruction of the use of the tendons at that place, which rendered the leg useless as well as an incumbrance and a deformity; that said condition was permanent in its nature; that he had suffered great pain in connection with the injury; and that the effect of this condition upon his customary business of trading, which required him to be on horseback, was seriously impaired by the fact that he could no longer use a horse.

[3] The judge charged the jury that they might consider mental suffering, if any, which was correct in view of the evidence of the serious and probably permanent nature of the injury.

The trial judge did not consider the verdict excessive, although plaintiff was 67 years of age. The testimony would not justify us in coming to a different conclusion.

Judgment affirmed.