PANHANDLE & S. F. RY. CO. v. MATSLER. (No. 1373.)

(Court of Civil Appeals of Texas. Amarillo. June 12, 1918.)

1. TRIAL ⬦=352(5)—SUBMISSION OF ISSUES—ASSUMPTION AS TO FACTS.

In action for damages to live stock shipped under contract by which all were to be shipped in 13 cars at one time, the carrier having shipped 10 cars one day and 3 the next, submission of issue whether cattle in second shipment lost more than they would have lost if shipped in first shipment did not erroneously assume that the failure to ship all of the cattle together was negligence, where other instructions submitted the issue of negligence and stated that the issue complained of should not be answered if the jury found there was no negligence.

2. TRIAL ⬦=350(3)—LIVE STOCK—DAMAGES IN SHIPMENT—INSTRUCTIONS.

In shipper's action for damages to live stock by delay in shipment, it was proper to submit issue as to the relative market value of the cattle on the day when they should have arrived and on the day on which they did arrive at the market, so that in the event of a finding of negligence there would be a basis upon which to determine damages.

3. APPEAL AND ERROR ⬦=733—ASSIGNMENTS OF ERROR—SUFFICIENCY.

In action for damages to stock in shipment by delay of day in shipping 3 cars and of one day in shipping each of 2 bad order cars, where no damages could be assessed for the extra delay because of bad order under the findings of the jury, and the judgment did not show that any damages were allowed for the delay for bad order, and the assignment of error did not show that the judgment was in excess of the damages properly assessable because 3 cars did not get into the first train, no error was shown.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by W. R. Matsler against the Panhandle & Santa Fé Railway Company. From a judgment for plaintiff in part, defendant appeals. Affirmed.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, Terry, Cavin & Mills, of Galveston, and L. R. Pearson, of Plainview, for appellant. Mathes & Williams, of Plainview, for appellee.

BOYCE, J. This suit was brought by W. R. Matsler against the appellant railway company, to recover damages for delay in furnishing cars for and in the subsequent transportation of a shipment of 13 cars of cattle from Tahoka to Kansas City. Under the rulings of the court and the findings of the jury recovery was denied, except for damages to 3 cars of the cattle on account of not having been loaded out and shipped with the other 10 cars. Plaintiff had ordered cars for shipment of said cattle on November 3, 1916, but had been advised prior to that time and from time to time thereafter that the cars were not ready, until on November 14, 1916, he was notified by the railway company that the cars would be ready for shipment on November 17th. There is some dispute as to the time of day when the cattle were to be loaded, but plaintiff's version of the understanding, supported by the finding of the jury, is that he was to have the cattle in the loading pens by 1:30 or 2 o'clock p. m. The railway company had its train and crew at Tahoka ready to begin loading at 11 a. m. Plaintiff did not get his cattle into the pens until about 4:30 p. m. By 10 o'clock p. m. 10 of the cars were loaded, and the train operatives refused to load the other 3 cars, and left with the 10 cars already loaded, for the reason that they did not think that the 3 cars could be loaded and the train get into a division where the operatives could be relieved without keeping said operatives of the train on duty for a longer period than 16 hours, in violation of law. The jury found, however, that the defendant, in the exercise of ordinary care, could have loaded and shipped out all the cattle on the one train without violating the 16-hour law. The 3 cars thus left were shipped out the next day. Two of the cars arrived at Kansas City one day later than the 10-car shipment, and 1 car, on account of bad order, was delayed still another day. The only recovery allowed, however, under the findings of the jury, was for the one day's delay, caused by the 3 cars not being shipped with the other 10 cars, since the jury found defendant not responsible for the extra delay on account of the bad order of 1 car in the 3-car shipment, and 1 car in the 10-car shipment.

[1] The first four assignments complain of the submission of the issues as to whether the cattle shipped in the 3 cars referred to "lost more than they would have lost if they had been loaded and shipped out with the 10 cars," and the other issues submitted in connection therewith for the purpose of eliciting conclusions of the jury as to the consequent damage. The objection urged by these assignments is that the issues submitted assume

that the failure to ship the 3 cars with the 10 cars was negligence. We do not think this objection is tenable. The court first submitted separately the question as to whether there was negligence on the part of the defendant in the failure to ship the 3 cars with the 10 cars, and the jury were told that if this issue should be answered in the negative then the issues now complained of should not be answered. The issues themselves do not refer to the question of negligence, but simply call for the conclusion of the jury as to the result on the cattle of the failure to ship them with the 10 cars. The submission of an issue of damages in a negligence case necessarily calls for a conclusion by the jury as to the damaging effects of the acts which are claimed to be negligent, so that, in the event it should be found that the acts complained of were negligent, there would be a finding by the jury as to the amount of the damages; otherwise there would have to be separate trials of the issue of negligence and amount of damages. We do not think there was any error in the manner of the submission of these issues.

[2] For the same reasons we also hold that there was no error in the submission of the issues complained of by the fifth and sixth assignments. These issues merely call for a conclusion as to the relative market value of plaintiff's cattle at Kansas City on stated dates, so that in the event of a finding of negligence in respect to the issues submitting that question, there would be a basis upon which to determine the damages.

[3] There was also a car which proved to be in bad order in the first shipment, and this car on this account was cut out after the shipment started, and was delayed for one day. The jury found, however, that there was no unreasonable delay in the transportation of the 2 bad-order cars, 1 being in the first shipment and 1 in the second shipment. The seventh assignment complains that the judgment is excessive because damages are allowed on account of the delay in the shipment of these 2 cars. Under the findings of the jury no damages could be assessed for this extra delay. However, damages might, under the verdict of the jury, be included for one day's delay of the 3 cars, including the 1 bad-order car, caused by their not getting in the first train. The judgment does not show that any damages were allowed for the delay on account of bad order in the transportation of these 2 cars, nor does the assignment show that the judgment is in excess of the amount of damages that might be properly assessed on account of the 3 cars not getting in the first train. The seventh assignment is therefore overruled.

The request for a peremptory instruction was properly refused. The evidence was sufficient to require a submission to the jury of the question of negligence in respect to

the delay until the 18th in the shipment of the 3 cars, as well as to extra delay in the shipment of 1 car in the first shipment.

We find no reversible error, and the judgment is affirmed.

HUFF, C. J., not sitting, being absent in Austin, serving on committee of judges.