HOUSTON & T. C. R. CO. et al. v. STRIB-
LING.  (No. 7088.)

Court of Civil Appeals of Texas.  Austin.
March 30, 1927.

Rehearing Denied April 27, 1927.

1. Trial ⬨⟹215—Where case is submitted on special issues, jury should not be instructed to find general verdict on answer of certain issues in certain way (Vernon's Ann. Civ. St. 1925, arts. 2190, 2202, subd. 4).

Where case is submitted on special issues, under Vernon's Ann. Civ. St. 1925, art. 2190, jury should not be instructed to find general verdict, as defined in article 2202, subd. 4, on answer of certain issues in certain way.

2. Trial ⬨⟹215—Giving general charge in addition to special issues submitted held error (Vernon's Ann. Civ. St. 1925, art. 2189).

General charge instructing on law pertaining to whole case, as well as on certain phases, *held* erroneous, where special issues were submitted, since giving general charge in addition to special issues is prohibited by Vernon's Ann. Civ. St. 1925, art. 2189, providing that, where case is submitted on special issues, court shall submit only explanation and definitions of legal terms necessary to enable jury to properly pass on issues, and in view of articles 2184, 2185, and 2190.

3. Trial ⬨⟹215—Where issues are submitted so as to require jury to answer in accordance with preponderance of evidence, it suffices as charge on burden of proof.

Where issues are submitted so as to require jury to answer in accordance with preponderance of evidence, it will suffice as a charge on the burden of proof.

4. Carriers ⬨⟹230(12)—Where damages sought are difference in market value of shipment in condition delivered and condition when properly delivered, court should simply submit question calling for difference in value.

In actions against carriers for damages to live stock, where damages sought are difference in market value at destination in condition delivered and condition when properly delivered, it is not necessary to charge on measure of damages, but court should simply submit question calling for that difference in value.

Appeal from District Court, Llano County; J. H. McLean, Judge.

Action by W. F. Stribling against the Houston & Texas Central Railroad Company and others.  From a judgment for plaintiff, defendants appeal.  Reversed and remanded.

Garrett, Brownlee & Goldsmith and W. R. Smith, Jr., all of Austin, for appellants.

Wilburn Oatman, of Llano, and Carl Runge, of Mason, for appellee.

BLAIR, J.    As concerns this appeal, appellee sued appellant Gulf, Colorado & Santa Fé Railway Company for damages result-ing from negligent failure to properly feed, water, and rest en route a shipment of 616 steers from Llano, Tex., to Fairfax, Okl., and on a jury trial recovered judgment for $1,895, with interest and costs; which judgment must be reversed because the court erred in its charge to the jury as pointed out in appellant's ninth proposition as follows:

"Having, on request of defendant, submitted the case to the jury on special issues, it was error for the court, over defendant's objections, to submit to the jury a general charge advising the jury that it was the legal duty of the carrier to transport the plaintiff's cattle within a reasonable time and with ordinary care and that a failure to do so would entitle the plaintiff to recover such damages from the carrier as he sustained; the same being contrary to the statute providing for submission of causes to a jury on special issues of fact, and was calculated to indicate to the jury how the questions submitted should be answered in order to insure recovery by the plaintiff."

The charge commences by summarizing the pleadings and contentions of the parties, and then instructs the jury that:

"Upon these pleadings and the evidence adduced thereon, certain issues of fact arise which it becomes the province of the jury to determine, viz. as to whether or not the damage to said cattle, if any, was occasioned by the negligence of the defendants, and, if so, the amount of damages so sustained, and by reason of whose fault.  In order to assist you in answering the questions hereinafter submitted to you, for your determination, you are now instructed in the law applicable to the case as follows."

The instructions on the law of the case are general, such as that it was the duty of the initial and all connecting carriers to transport the cattle within a reasonable time and with ordinary care.  Ordinary care and negligence are defined, and then the jury is told:

"If plaintiff sustained damages to his said cattle while being handled and transported by said defendants, or either of them, as the result of the negligence or want of ordinary care on the part of said defendants, he would be entitled to recover such damages as was sustained by him as the direct and proximate result of such negligence."

Following this is a general instruction on the measure of damages, and then the jury is instructed:

"Now, bearing in mind the foregoing instructions, you will determine the issuable facts arising in this case by answering the following questions:  Did the cattle sustain injuries directly and proximately caused by the negligence or want of ordinary care on the part of the defendant Gulf, Colorado & Santa Fé Railroad Company?

"If you answer the next preceding question in the affirmative, then state the amount of such damages so sustained as the result of negligence or want of ordinary care on the part of

said Gulf, Colorado & Santa Fé Railroad Company."

[1] The charge as a whole is one which the law designates a "general charge." In effect it charges the jury to find a "general verdict," as that term is defined in article .2202, subd. 4, R. S. 1925, on answer in a certain way of the issues submitted. Where a case is submitted on special issues, the jury .should not be instructed to find a general verdict on answer of certain of the issues in .a certain way. Wichita Falls, R. & F. W. R. Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 570. See, also, article 2190, Vernon's 1925 Annotated Statutes, note 20, and cases cited under topic, "Charges in Cases Submitted on Special Issues."

[2] The charge is also a "general charge" in the sense that it instructs on the law pertaining to the whole case, as well as on certain phases of the case, and in the main not necessary to the determination of any fact issue submitted to the jury. For this reason it is clearly erroneous, because the giving of a general charge in addition to special issues is prohibited by article 2189, R. S. 1925, which provides that, where a case is submitted on special issues, the court shall submit only "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." This question was recently passed upon by the Commission of Appeals in the case of Humble Oil & Refining Co. v. McLean, 280 S. W. 557, where it is held that in cases submitted upon special issues a general charge should not be given, but only such explanation and definition of legal terms as are necessary to aid the jury to determine such issues. See articles 2184, 2185, 2189, and 2190, Vernon's 1925 Annotated Statutes, and notes and decisions cited.

[3] In this case the only explanations and definitions necessary are clear, succinct definitions of negligence, ordinary care, and proximate cause in connection with the issue or issues fixing liability, and a charge or explanation of the burden of proof and credibility of witnesses. Where the issues are submitted so as to require the jury to answer in accordance with the preponderance of the evidence, it will suffice as a charge on the burden of proof. Texas Power & Light Co. v. Bristow (Tex. Civ. App.) 213 S. W. 702. Or, in respect to the burdens of proof in special issue cases, the case of Sunlite Co., Manufacturers, v. Justice (Tex. Civ. App.) 257 S. W. 579, gives a very proper charge as follows:

"This case will be submitted to you upon special issues on questions which you will answer from the preponderance of the evidence, that is, the greater degree and weight of credible testimony before you, without reference to the effect that your answers may have upon the judgment to be rendered in this case."

Or, where a case is submitted on special issues, and defendant presents affirmative issues not raised by plaintiff's petition and the defendant's general denial, a charge instructing that the burden of proof is on the party asserting the affirmative of such issues is not incorrect. Thompson v. Shiffett, 267 S. W. 1030.

[4] In actions against carriers for damages to live stock, where the damages sought are the difference in the market value at destination in the condition delivered and the condition when properly delivered, it is not necessary to charge on the measure of damages, but simply submit to the jury a question calling for that difference in value. Lancaster v. Pitzer (Tex. Civ. App.) 211 S. W. 313; Davis v. McMillan (Tex. Civ. App.) 241 S. W. 723; Panhandle Ry. Co. v. Matsler (Tex. Civ. App.) 205 S. W. 155.

By numerous propositions, appellant raises in one way or another the question of the sufficiency of the evidence to support the verdict and judgment, but we do not sustain the contentions made. The evidence sufficiently supports appellee's allegation that appellant negligently failed to properly feed, water, and rest the cattle while en route.

In this connection, and if on another trial the evidence confines appellant's negligence to failure to properly feed, water, and rest the cattle en route, the court should form a special issue submitting this phase of negligence only. The special issue submitted would authorize the jury to find on any and all the acts of negligence alleged, while the evidence confined negligence to the one act of failure to properly feed, water, and rest the cattle en route. We do not hold that the court committed error requiring a reversal of the case in this respect, since the evidence confined negligence to the one act, and since we cannot say the jury was misled thereby, but suggest that it is the better practice to submit specifically only issues actually raised by both the pleadings and the proof.

We find no error in the admission of the testimony complained of, but reverse and remand the cause for the reasons herein stated.

Reversed and remanded.