DALLAS RAILWAY & TERMINAL CO. v. DAVIS et al.

No. 2396.

Court of Civil Appeals of Texas. El Paso. March 20, 1930.

Rehearing Denied April 3, 1930.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellant.

W. E. Johnson, of Dallas, for appellees.

WALTHALL, J.

Mrs. J. B. Davis, joined by her husband, J. B. Davis, brought this suit against the Dallas Railway & Terminal Company, a street car company, to recover damages for personal injuries alleged to have been sustained by Mrs. Davis as the result of alleged negligence on the part of the motorman of the company in the movement of the street car on which she was a passenger.

The petition alleges that Mrs. Davis desired to get off the street car at Marsalis street, and signaled the motorman of her desire to get off; that the motorman brought the car to a stop; Mrs. Davis arose from her seat and went to the front of the car for the purpose of leaving the car at that place; that she discovered the place where the car was stopped was not Marsalis street and she so notified the motorman; that while standing near the motorman, without any support of any kind, the motorman, knowing that she was standing and where she was standing, without warning, and immediately upon being advised that she desired to get off at Marsalis street and not where the car had stopped, and without giving Mrs. Davis time to resume her seat, caused the car to start with a sudden lurch or jerk, and with such force and violence that she was thrown backward to the floor and seat of the car, and injured as alleged.

The petition alleges that the company was negligent in the following particulars: First, the motorman, knowing that Mrs. Davis was standing unsupported and holding to nothing, and in an unsafe place, started the car without warning and without waiting until she could resume a place of safety; second, the car was started with a jerk and lurch that was unusual and unnecessary and of great force and violence. The petition alleges that, as a result of the negligent acts of the motorman, Mrs. Davis was thrown backwards onto the floor of the car and against the back of a seat of the car, and injured as alleged.

The petition states the character and extent of her injuries, and the damages resulting therefrom.

The Dallas Railway & Terminal Company answered by demurrers, general and special, denials, general and special, contributory negligence on the part of Mrs. Davis, and that, if she was injured as alleged, such injury was due to an accident without its fault. The court overruled the demurrers and submitted the case to a jury on special issues. On the verdict of the jury the court entered judgment "that said plaintiff, Mrs. J. B. Davis, joined by her husband, J. B. Davis, do have and recover of the said defendant, Dallas Railway & Terminal Company," the sum found by the jury. The company's motion for a new trial was overruled, and it perfected this appeal.

Opinion.

The trial court, in submitting the case to the jury on special issues, defined "ordinary care," as used in the charge, and immediately followed the definition given of ordinary care with the following:

"In connection with ordinary care you will take into consideration that while the defendant is not an insurer of the safety of Mrs. Davis while she was riding upon his car, it was the duty of defendant's motorman to exercise such a high degree of care as a highly prudent person would exercise, under the same or similar circumstances to see that she was not injured, that a failure to exercise such a high degree of care is negligence."

The court defined "negligence as used herein is meant the doing of an act that an ordinarily prudent person would not have done under the same or similar circumstances, or the failure to do what an ordinarily prudent person would have done under the same or similar circumstances."

Appellant duly objected to the above-quoted paragraph of the charge defining ordinary care as being "in the nature of a general charge." The court overruled the objection, and appellant submits that it was reversible error.

Article 2189, R. C. S. 1925, provides that, when a case is submitted on special issues, the court shall submit only "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

The question is presented: Is the added part of the charge as to ordinary care ob-

jected to, a general charge, or is it only such explanation or definition of the legal term "ordinary care" as is necessary to enable the jury to properly pass upon and render a verdict on the issue as to whether the motorman exercised such degree of care in the movement of the car as was his duty, under the circumstances. In submitting a case on special issues, it has been held by our higher courts that the only explanation proper or necessary is a clear and succinct definition of ordinary care, negligence, and proximate cause in connection with proper issues pertaining to liability, and that a charge that generally goes into details as to the duties is a general charge and not a definition or explanation of legal terms, such as ordinary care, negligence, proximate cause, and other legal terms used. J. M. Radford Grocery Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218; Houston & T. C. R. Co. v. Stribling (Tex. Civ. App.) 293 S. W. 890.

In the above-cited cases and others we have examined, the courts apply the rule as contended for by appellant. None of them, however, are cases where the defendant is a common carrier for hire, and the injured party is a passenger, and where the duty required was the exercise of a higher degree of care than the ordinary, that is, of such high degree of care as a highly prudent person would exercise under the same or similar circumstances. Had the trial court applied the rule contended for by appellant, we can hardly see how the jury would know that a higher degree of care was required of appellant to avoid injury to its passenger in considering the issue of negligence submitted. True, the court in originally defining ordinary care might have stated that high degree of care was required of appellant to avoid injury to its passenger without adding the part objected to, but we think the effect would be the same. We have concluded that the portion of the charge objected to may be regarded as an explanation or definition of the legal term "ordinary care," where the injured person is a passenger, without being in violation of the rule announced in J. M. Radford Grocery Co. v. Andrews, and Houston & T. C. Ry. Co. v. Stribling, supra, and other cases so holding. In no other part of the court's charge was negligence defined or other guide furnished the jury indicating the proper degree of care required under the facts of the case. It is not suggested that the degree of care stated in the charge was not the proper degree of care required.

A case in point sustaining our view as above is Fort Worth & D. C. Ry. Co. v. Lovett et ux. (Tex. Civ. App.) 263 S. W. 643, by Judge Randolph of the Amarillo court. Lovett was a passenger on the appellant railroad. The case was submitted on special issues, and the charge given was similar to the one in the case at bar, and the objection urged to the charge was similar to the one urged here. The court in the case at bar, as in that case, in submitting the issue of negligence, made no attempt to apply the facts stated, expressing the diligence required. The appellee had the right, we think, to have the court, at some portion of the charge, give to the jury a proper statement of the duty the appellant owed to appellee in order that the jury might properly pass upon the issue of negligence. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Davis, Agent, v. Pettitt (Tex. Com. App.) 258 S. W. 1046.

For reasons stated the proposition is overruled.

A careful review of the evidence convinces us that the issue of unavoidable accident was not in the case. The court submitted the issue, and the jury answered no. No reversible error is shown.

We concur, however, in appellant's contention that, where unavoidable accident is raised by the evidence, the burden of proof is on the plaintiff.

Appellant submits error in overruling its special exception to the joinder of Mrs. Davis as a party plaintiff and permitting recovery in the name of Mrs. Davis. The court's judgment reads: "It is therefore ordered, adjudged and decreed by the court that the said plaintiff, Mrs. J. B. Davis, joined by her husband, J. B. Davis, do have and recover of said defendant," etc.

Mr. and Mrs. Davis were husband and wife at the time of the injury received by Mrs. Davis, and at the time of the suit. The injury received by Mrs. Davis, and the right to sue for the damages sustained by her was the community property of the husband and wife. Northern Texas Traction Co. v. Hill (Tex. Civ. App.) 297 S. W. 778. In Western U. T. Co. v. Campbell et al., 36 Tex. Civ. App. 276, 81 S. W. 580, referred to by appellant, a suit by Campbell and wife for damages for failure to deliver a telegram, the damages recoverable being community property, the court held that it was not necessary nor proper that the wife should join the husband in the action, and that it was error to overrule the exception to the petition on the ground that the wife was joined by the husband in the action, but further held that the error would not work a reversal of the judgment; no injury by such joinder being shown.

In San Antonio Street Ry. Co. v. Helm, 64 Tex. 147, a suit by the husband and wife to recover damages for personal injuries sustained by the wife, and an exception as here overruled, Judge Stayton, after holding that the wife was not ordinarily a necessary or proper party, said: "It is not for every erroneous ruling that a judgment should be reversed; but this should be done only in those cases in which the opposite party has probably been injured thereby. In suits of the char-

after of the present, we are of the opinion that a judgment in favor of a husband and wife does not ordinarily operate to the prejudice of the defendant against whom it is rendered. Such a judgment is as complete a bar against any claim which might subsequently be set up by the husband or wife as would be a judgment rendered in a cause in which the husband was sole plaintiff." To the same effect is Lee v. Turner, 71 Tex. 265, 9 S. W. 149; Johnson v. Erado (Tex. Civ. App.) 50 S. W. 139; Galveston, H. & S. A. Ry., Co. v. Baumgarten et ux., 31 Tex. Civ. App. 253, 72 S. W. 78.

■ The rule that the husband is the proper one to sue, and that the wife is ordinarily not a necessary or proper party in suits such as the case at bar, is not by force of the statute, but is based on the statute which gives to the husband the management and control of community estate of the husband and wife. We think that, while it was error to overrule the special exception, under the cases cited, reversible error is not made to appear.

The petition alleges, in substance, that, as a result of the negligence complained of, Mrs. Davis fell backwards onto the floor and seat of the car and received the following injuries: Her right shoulder was hurt and bruised; her knee was twisted, sprained, and bruised; her back was sprained and twisted; she was injured internally to the extent that she bled internally and was violently ill; her kidney was injured; her intestines, and especially the lower colon and rectum, so injured as to cause same to become ulcerated, and that her injuries are permanent, and that she will continue to suffer physical pain and mental anguish as a result, and has suffered great physical pain and mental anguish; that she is a housewife and dressmaker, and earned from three to five dollars per day; that as a result of her injuries she has been unable to work and will not be able to do her work again; her life expectancy is fifteen years; she has incurred medical and doctors' bills in the sum of $1,150; to date she has incurred doctor bills in the sum of $150; in the future she will be compelled to incur medical and hospital bills in the sum of $1,000; that said sums are fair, reasonable, necessary, and proper. She sued, outside of doctors' and hospital bills, for $10,000, and $1,150 additional medical expenses.

On the issue of Mrs. Davis' injuries, and expenses, she testified in substance: Was in bed about twelve days; has not been well since: the injuries caused her to throw up, and have bloody hemorrhages of the bowels, and vomiting, for several days, really bad for three or four days; called in Dr. John F. Ford; at time of injury she had one kidney; had been operated on three or four years before; had recovered from that operation; was a dressmaker and made from $3.50 to $5 when she went out; has not been able to follow her work since that time; is not able to be up and about all the time, just about half the time; cannot sew at all; cannot run the machine; cannot hoe around her flowers; cannot use one arm; cannot wash or iron; has always done her own washing, ironing, and sewing; can walk very well, but cannot do anything that causes her to bend her back or arm; her hip hurts, hurts more to lie down than to move; is under treatment of a physician and has been ever since her injury; goes to see the doctor about every week or ten days; is getting no better; it seems like her back hurts worse; had an operation about three years ago, and after she got up she worked; engaged in dressmaking; is about twenty-one or two pounds lighter than at time of injury; had been operated on for appendicitis before her kidney was removed.

Mrs. Ruth Powers testified: Knew Mrs. Davis; she was heavier before she got hurt than now; she was not weakly and got around better; she did her own work before injured; she did sewing; never heard her complain before this injury; has done no work since she has been injured.

Mrs. Nora Davis, daughter-in-law to Mrs. Davis, testified: Went to see Mrs. Davis after she was hurt; "she was in an awful condition, she had temperature and there was about a half pint of blood, it passed from the intestines." Witness is a nurse; Mrs. Davis was in bed about twelve or thirteen days; is not out of bed all the time now; is under treatment of a doctor; is lighter in weight; could always do the housework and dressmaking and could not do it now; her appetite has gone from her; helped nurse her some twelve days, was in bed.

J. B. Davis, plaintiff, testified: Mrs. Davis was hurt January 25, 1928; has been able to do but little work around the house since; has not been able to do dressmaking, cannot run the machine; she is in bed about half the time under treatment of a doctor; she is hurt in the hip, back part of shoulder, and the back, was bruised considerably; had trouble with her bowels, passed blood a long while, more or less from the rectum; she weighs about twenty pounds less.

Natty Malane, a daughter of Mrs. Davis, testified: Lives now with her mother; sent for her when her mother was hurt to do the work and take care of the place; her mother lost in weight; had her shoulder, hip, and knee hurt, and also her rectum up the back, and passed blood from her intestines; was not able to stand without holding to something; she does a little of the cooking, none of the cleaning up.

Dr. John F. Ford, after qualifying as physician and surgeon, testified: (The following is a very brief statement and only in

substance of a very extended examination on both direct and cross examination.) Mrs. Davis was his patient at the time of the trial (trial July, 1929), and had been since she was said to have been injured about January 25, 1928; she came to witness' office about January 26, 1928, had skinned place on back part of shoulder and bruised place over back part of right hip; was then bleeding from the rectum; would say bruises on hip were from an injury; a person with only one kidney is more susceptible to blows than one with two kidneys; cannot judge extent of injury by severity of a fall or blow; seems to get better than worse, is worse now than a year ago in spite of treatment; will be necessary to continue treatment; assuming several facts and conditions as true, witness' opinion was her ill health would be result of the fall; made X-ray pictures of shoulder blade and hip, and urine analysis after injury, and found it contained pus, and pain over left side and small of back; took X-ray picture of spine and found no trouble in spine, or bones of hip; injected kidney to cast shadow and took picture, exhibited picture, and testified as to location of kidney from picture; found kidney about four inches lower than normal; injury as described would cause condition as found; falling in a sitting position would cause kidney to be jarred loose and by a prolapse of kidney, a floating or falling kidney, cause such pain as Mrs. Davis has. The doctor's bill to date is $225, testified to be fair and reasonable. Would be necessary to continue treatment with possible operation to tie kidney in place; medical treatment would run about $150 a year with no additional complications; found no bruise on knee; Mrs. Davis' condition is such that she ought to be in bed constantly until health is better.

Appellant, on several grounds we need not state, contends that the following charge is error: "What sum of money, if paid now in cash would reasonably compensate the plaintiff for the diminished capacity, if any, to labor and earn money in the past, if there has been any in the past, and in the future, if there will be any in the future, and for physical pain, if any, in the past, if there has been any in the past, and in the future, if there will be any in the future, and for mental pain, in the past, if any, in the past, if there has been any in the past, and in the future, if there will be any in the future, and for reasonable and necessary doctor's and medicine bills, if any, directly and proximately caused by the injuries, if

any, sustained, if any? Answer in dollars and cents." The jury answered $4,000.

The several grounds of objection go to the insufficiency of the pleading, and the evidence to justify the several elements of fact embraced in the above-quoted charge, and not to the form of the charge.

The form of the charge is such as is generally used in submitting cases on the general issue. The answer of the jury is necessarily in a lump sum.

■ We are unable to say what amount, if any, the jury found as to any one of the several elements of damage pleaded, and upon which evidence was offered. We think, however, that without reviewing severally the pleading and the evidence as to each fact submitted in the charge, the pleading and the evidence justified the submission of the facts submitted.

■ The rule seems to be well established that, where the pleading shows the injury sustained, and the evidence shows the injury to be serious and probably permanent, the jury might consider mental suffering, if any. The evidence shows physical pain and suffering for more than a year and up to the time of the trial, and that the physical condition will probably continue for an indefinite time beyond the time of the trial with the probability of an operation. Mental and physical pain will be implied with the continued illness. Freeman v. Johnson (Tex. Civ. App.) 136 S. W. 275; Turner v. McKinney (Tex. Civ. App.) 182 S. W. 431; International & G. N. R. Co. v. Johnson, 43 Tex. Civ. App. 147, 95 S. W. 595; Texas & P. Ry. Co. v. Curry, 64 Tex. 85; Houston, E. & W. T. R. Co. v. Simpson (Tex. Civ. App.) 81 S. W. 353.

Appellant complains of remarks made by appellee's counsel during the course of his argument, and that the verdict and judgment is excessive, rendered so probably by the remarks complained of.

■ We think we need not quote the remarks. While the remarks are not commended, and one specially subject to criticism, we have concluded that the case should not be reversed because of them. If Mrs. Davis' present condition is brought about proximately by reason of a fall in the street car as the jury found, and, as we think is sustained by the evidence, the verdict is not excessive.

Finding no reversible error, the case is affirmed.