## T. C. R'y Co. v. Chas. G. Burnett et ux.

(Case No. 5189.)

1. COMMUNITY PROPERTY — PARTIES.— Such property as is acquired during marriage by reason of a personal trespass committed on the wife belongs to the community. For its recovery the husband may sue, and the wife is ordinarily neither a proper nor necessary party.

ERROR from Shackelford. Tried below before the Hon. T. B. Wheeler.

Appellees, Chas. G. Burnett and wife, recovered a judgment against appellant for $1,000, as damages for personal injuries alleged to have been received by the wife of Charles G. Burnett in a collision between two of appellant's trains at the town of Cisco, in Eastland county, on or about July 31, 1882, the said Charles and Sarah being then man and wife.

Appellant's first assignment of error was that the court erred in overruling defendant's first special exception to plaintiff's amended petition, because it appeared from plaintiff's petition that the right of action, if any there was, was community property and vested in the husband, and the wife was an improper party.

It appears from plaintiff's petition that before and at the time of

the alleged injuries, the appellees were husband and wife, and so were at the date of the institution of the suit; that the alleged injuries were to the wife alone, and that the husband and wife joined in the suit to recover damages therefor.

Defendant excepted to the misjoinder, the exception was overruled and defendant excepted.

*Alexander & Winter*, for plaintiff in error, cited: R. S., art. 2851; Ezell *v.* Dodson, Tyler term, 1883.

*A. A. Clarke* and *J. L. L. McCall*, for defendant in error.

WEST, ASSOCIATE JUSTICE.— In Ezell *v.* Dodson (Tyler term, 1883), this court, after a very careful consideration of the question, held that such property as is derived during marriage, by reason of a personal trespass committed upon the wife, belongs to the community.

In a suit to recover damages for a personal injury done to the wife during marriage, the husband is the proper person to maintain the action. The wife is, ordinarily, neither a proper nor a necessary party to such a suit. It follows, therefore, that the district court was in error, in this case, in refusing to sustain the special exception of the defendant below, which brought in question the right of the wife to join her husband. Sayles & Bassett's Tex. Pl. & Pr., sec. 278; Stachely *v.* Pierce, 28 Tex., 335.

For this error the judgment is reversed and the cause remanded for such further action as may be right and proper in the premises. Emmons *v.* Oldham, 12 Tex., 26; Johnson *v.* Davis, 7 Tex., 173.

REVERSED AND REMANDED.

[Opinion delivered May 27, 1884.]