INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. V.
MICHAEL DOOLAN ET AL.

Decided June 23, 1909.

**1.—Misjoinder—Harmless Error.**

While it is improper to join the wife as plaintiff in an action brought by the husband to recover damages sustained by her, the error will not justify a reversal of the judgment.

**2.—Charge—Harmless Error.**

An instruction criticized as having a tendency to convey the idea that the facts as grouped therein established negligence on the part of defendant is held, however, not to show reversible error.

**3.—Carrier—Passenger—Agency—Connecting Lines.**

In the absence of proof of partnership between defendants, a railway company is not responsible for the mistake of the agent of another company in selling a passenger the wrong ticket for transportation over both lines.

**4.—Case Distinguished.**

Blanks v. Missouri, K. & T. Ry. Co., 116 S. W., 377, distinguished.

**5.—Damages—Medical Treatment.**

It was error to submit, as an element of damages recoverable, expenses incurred by plaintiff for medical treatment of personal injuries in the absence of proof as to the amount expended and its reasonableness.

**6.—Passenger—Damages—Charge.**

The expenses for hotel bill of a passenger compelled to leave the train by reason of mistake in ticket were not recoverable where occasioned by her voluntarily remaining at that station when she might have continued the journey.

**7.—Confusing Charge.**

A charge as to the duty of a railway to keep its passenger station heated is held error because confusing and misleading.

**8.—Carriers of Passengers—Duty to Heat Depot.**

The statutory duty to keep depots warm for the benefit of passengers, imposed upon railway companies by article 4521, Rev. Stat., is limited to a period of an hour before and after the departure of their trains, and except during that period it is not an absolute requirement, the violation of which would constitute negligence in law.

**9.—Same—Question of Fact.**

The duty of a railway company, to one permitted to use its depot and having the rights of a passenger, to keep the same properly warmed during the period of time not covered by the requirements of the statute (Rev. Stat., art. 4521) exists irrespective of the statute where the circumstances demanded such services, and the question of negligence in failing so to do is one of fact for the jury.

**10.—Passenger—Carrier—Duty of Conductor.**

No duty rested upon a railway to have its conductor assist a passenger in obtaining correction of a mistake in her ticket made by the agent of another line in selling it.

**11.—Passenger—Carrier—Evidence.**

Evidence of damages occasioned to a passenger by mistake of the agent of a railway in selling a ticket considered and held sufficient to require the submission of the case to the jury.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*King & Morris* and *Baker, Botts, Parker & Garwood,* of counsel), for appellants.—A cause of action or claim for damages for alleged personal injuries, mental anguish, etc., suffered by a married woman during coverture, is community property, to be sued for by the husband alone, and the wife is not a proper party to such suit. Missouri Pac. Ry. Co. v. White, 80 Texas, 202; Loper v. Western U. Tel. Co., 70 Texas, 689.

The charge is confused and on the weight of the evidence, having a tendency to cause the jury to believe that in the opinion of the court it was an established fact that the ticket agent at Rockdale was negligent in selling to Mrs. Doolan the wrong ticket, and that such negligence had produced injury to her, for which plaintiffs were entitled to recover. Bennett v. Railway Co., 11 Texas Civ. App., 423; Missouri, K. & T. Ry. Co. v. Williams, 40 S. W., 161, 17 Texas Civ. App., 675.

There was no allegation and no proof of partnership between the defendants, and no proof that the agent at Rockdale was the agent of any one except the International & Great Northern Railway Company. Moore v. Missouri, K. & T. Ry. Co., 45 S. W., 609, 18 Texas Civ. App., 561; Harris v. Howe, 74 Texas, 534.

The court erred in its charge on the measure of damages in advising the jury to allow plaintiffs as damages the amount of the doctor's bills incurred by them, because there was no evidence as to the amount of same and none that said bills were reasonable. Houston & T. C. R. R. Co. v. Rowell, 92 Texas, 147; Missouri, K. & T. Ry. Co. of Texas v. Warren, 90 Texas, 566; Wheeler v. Tyler S. W. Ry. Co., 91 Texas, 356; Houston & T. C. R. R. Co. v. Patterson, 27 Texas Civ. App., 249.

The court erred in giving in charge to the jury said special instruction because the same imposes on defendants the duty of an innkeeper to his guests, advising the jury that it is an absolute duty of defendants to the traveling public to keep their depot building warm at all times, without regard to any necessity therefor or to the state of the weather, and without regard to whether the time during which the depot was alleged not to have been warmed was within one hour before or after the schedule time of arrival or departure of a train on which Mrs. Doolan had been or intended to be a passenger. Texas Midland R. R. Co. v. Griggs, 106 S. W., 411; Gulf, C. & S. F. Ry. Co. v. Turner, 93 S. W., 195.

Railroad companies are common carriers only over their own lines; they are not required by law to sell tickets beyond the line of their own roads and are not liable for anything that happens on the line of another railroad; therefore the Houston & Texas Central Railroad Company rested under no duty to sell Mrs. Doolan a ticket to Coolidge, on the line of the Trinity & Brazos Valley Railroad. O. S. L. Ry. Co. v. Northern Pac. Ry. Co., 51 Fed., 465.

The International & Great Northern Railroad Company owed Mrs. Doolan no duty to warm the depot at Hearne, except for one hour

after her arrival there, and the evidence wholly failing to show that there was any necessity for a fire in said depot, or that she suffered for lack of a fire during said time, the case against said defendant on this account failed.   Texas Midland R. R. Co. v. Griggs, 106 S. W., 411; Gulf, C. & S. F. Ry. Co. v. Turner, 93 S. W., 195.

The Houston & Texas Central Railroad Company certainly owed Mrs. Doolan no duty to have a fire in the depot at Hearne except for one hour before the passage through said place of its 1:40 o'clock a. m. northbound train.   Before that time she was in its depot merely as a licensee, and after 1:40 o'clock a. m. as a licensee or a trespasser. If she was a person to whom said company owed the duty of heating its depot at all, it was from 12:40 to 1:40 o'clock a. m. of May 11th, and not at any other time.   Texas Midland R. R. Co. v. Griggs, 106 S. W., 411; Gulf, C. & S. F. Ry. Co. v. Turner, 93 S. W., 195.

*W. W. Glass* and *O. T. Brown,* for appellees.—While Mrs. Doolan was not a necessary plaintiff, there is no injury shown to have resulted to appellants by reason of her being a party.   1 Sayles' Texas Civil Practice, 169, sec. 154, and cases there cited; Lee v. Turner, 71 Texas, 264; San Antonio St. Ry. Co. v. Helm, 64 Texas, 147; Texas & Pac. Ry. Co. v. Gually, 2 App. C. C. (Willson), 684; Wartelsky v. McGee, 30 S. W., 69.

The agent of the International & G. N. Railway Company at Rockdale, having issued a ticket to Mrs. Doolan over the roads of both defendants, and agreeing with her to so do, which fact is admitted by the defendants in their answer, and the damages to plaintiff growing out of that transaction, renders both companies liable, whether they are partners or not.   Blanks v. Missouri, K. & T. Ry. Co., 116 S. W., 377; St. Louis & S. F. R. Co. v. Sizemore, 116 S. W., 403; Acts of the Twenty-ninth Leg. (1905), pp. 29, 25.

RICE, ASSOCIATE JUSTICE.—This suit is predicated on the alleged mistake of the International & Great Northern Railroad Company in selling plaintiff's wife a ticket from Rockdale to College Station in Brazos County, on the line of the H. & T. C. R. R. Co., instead of a ticket from Rockdale to Coolidge in Limestone County, on the line of the Trinity & Brazos Valley Railway, for which she had asked, and for the recovery of resultant damages flowing therefrom.

It was alleged in the petition that on the 10th day of May, 1907, the former company was operating a line of road from Rockdale in Milam County, to Hearne in Robertson County, and that the latter Company was operating a line of railway from Hearne to Mexia in Limestone County, each of said companies maintaining a depot at Hearne; that the Trinity & Brazos Valley Railway Company was operating a line of railway from Mexia to Coolidge in said county, and that on said day Mrs. Mary Doolan, the wife of Michael Doolan, applied to the agent of said first-named company at Rockdale for a ticket over said lines of railway to Coolidge in Limestone County, but, instead of giving her a ticket as demanded, said agent delivered her a ticket via Hearne, entitling her to passage from Rockdale to College, a station on the line of the Houston & Texas Central Railway in Brazos

County; that without knowledge of said mistake she entered the cars of said I. & G. N. Company at Rockdale for the purpose of going to Coolidge, but, upon tendering her ticket to the conductor, was for the first time informed of said mistake, and told she must get off at Hearne, but that said conductor refused to aid her at Hearne in correcting the same and obtaining a proper ticket; that immediately upon the arrival at Hearne she sought the agent of both of said first-named companies for the purpose of procuring a ticket to her destination, but was unable to find the agent of either company, and in consequence failed to procure a ticket; that upon the arrival of the Houston & Texas Central's northbound train she applied to the conductor for passage to Mexia, tendering the fare therefor, but he refused to take her, by reason of all of which she was compelled to remain at Hearne until the next day; that on account of the failure of defendants to furnish fire in their waiting-room at Hearne on the night in question, the weather being rainy, cold and damp, she contracted a cold which settled upon her lungs, from which she has suffered great injury; that she was mentally worried and distressed by reason of the delay and being caused to remain in said depot, as well as on account of the refusal of the conductor of the H. & T. C. to give her passage as requested, by reason of all of which she suffered further damage, stating the amounts thereof.

Appellants each answered by pleas setting up improper joinder of parties and by general demurrers and general denials.

A jury trial resulted in a verdict and judgment for plaintiffs against both defendants jointly and severally for the sum of $1,000, from which this appeal is prosecuted.

Mrs. Doolan testified that she applied at Rockdale to the agent of the I. & G. N. Company for a ticket to Coolidge in Limestone County, spelling the same out to him, telling him that if he could not sell her a ticket that would carry her direct through that she would rather wait until the next day, but that the agent, after looking at his book, told her that he could sell her a ticket direct to Coolidge, and that she would arrive there at five o'clock the next morning. This was directly contradicted by the agent, who testified that she asked for a ticket to College, which he gave her. The record further discloses that she ascertained her mistake upon tendering her ticket to the conductor, who told her that she would have to get off of his train at Hearne. It does not appear that she asked the conductor at this time, or at any other time, to aid her in procuring a proper ticket at Hearne; and, according to the evidence, she would necessarily have to get off at Hearne, whether she intended to go to College or to Coolidge. And there is evidence tending to support the other allegations in her petition, except that it is shown that upon arrival at Hearne, instead of not being able to find the agent as alleged, she found and asked him for a ticket to Coolidge, and he informed her that there was no such place, after which she remained in the depot to await the northbound H. & T. C. train, which arrived at 1:45 a. m., and, being refused permission to ride thereon, waited in the depot until 3 o'clock, when she was taken to a hotel, where she spent the remainder of the night, resuming her journey the next day. She arrived at Coolidge the next night.

We overrule appellants' first assignment of error complaining of the action of the court in not sustaining their pleas of misjoinder of parties plaintiff. While it is improper and unnecessary to join the wife as plaintiff in an action brought by the husband to recover damages sustained by her, still, it is not such error as will justify a reversal of the judgment. (Lee v. Turner, 71 Texas, 264; San Antonio Street Ry. Co. v. Helm, 64 Texas, 147.)

The court gave the following in charge to the jury: "If the agent at Rockdale was guilty of negligence by the mistake in making out and delivering to her a ticket to College Station, instead of to Coolidge, and that if this negligence produced directly and proximately any injury, such as the allegations and proof establish, if any, then the railroad companies were liable for such injuries as were created as the direct and proximate cause thereof, if any." This is assailed by appellants in their second assignment as being upon the weight of evidence and as tending to cause the jury to believe that, in the opinion of the court, it was an established fact that the agent was negligent in selling the ticket, and that such negligence resulted in injury to the plaintiffs. And in their third assignment it is criticised as allowing a recovery against both, if the jury should believe from the evidence that the ticket agent of the I. & G. N. R. R. Co. was negligent in selling the same, because there was no allegation and proof of partnership between said defendants, nor was it alleged and shown that the agent at Rockdale was the agent of any company other than his own. While the first ground urged is not, in our judgment, reversible error, still we are inclined to believe that the charge is probably subject to the criticisms urged, and might have had a tendency to impress the jury with the idea that, in the opinion of the court, the facts as grouped established the negligent conduct of the ticket agent in selling the ticket, and was therefore improperly given. (Missouri, K. & T. Ry. Co. v. Williams, 17 Texas Civ. App., 675.)

We agree with appellants as to the second objection urged, for the reasons stated. There was no pleading nor proof of partnership between the defendants, nor that the agent at Rockdale represented any one except the I. & G. N. R. R. Co. The ticket purchased by Mrs. Doolan contained the following provision: "In selling this ticket for passage over other lines this company acts only as agent, and is not responsible beyond its own line." Certainly, the Houston & Texas Central Railroad Company could not be held liable for the alleged mistake of the International & Great Northern Railroad Company in selling Mrs. Doolan the wrong ticket, unless there was some proof of partnership, or that the agent at Rockdale represented both companies. Counsel for appellee, in support of his contention that both companies are liable, relies upon the case of Blanks v. the Missouri, K. & T. Ry. Co. of Texas, 116 S. W., 377, lately decided by this court. A writ of error, however, has been granted therein by the Supreme Court, in which it is still pending. That case, however, does not undertake to pass upon the point here presented. It was there expressly held that the statute of 1905, then under consideration, was simply a venue statute, regulating the venue in which suits might be brought, but that the same did not undertake to fix liability as against connecting car-

riers. Nor is the contention of appellee sustained by the provisions of articles 331a and 331b of the Revised Statutes as amended (See McIlwaine's Digest, p. 65), for these statutes regulate the liability of common carriers only with reference to freight, and no mention is made of their liability so far as the carriage of passengers is concerned. See also Moore v. Missouri, K. & T. Ry. Co., 18 Texas Civ. App., 561; Harris v. Howe, 74 Texas, 534.

Among the other elements of damage submitted for the consideration of the jury by the charge of the court was that of expenses incurred by plaintiff for doctor's bills. While this was pleaded, there was no evidence whatever as to the amount nor the reasonableness of such items. It was therefore improper, as has been often held, in the absence of such proof for the court to submit the same in its charge to the jury. See Houston & T. C. R. Co. v. Rowell, 92 Texas, 147; Missouri, K. & T. Ry. Co. of Texas v. Warren, 90 Texas, 566; Wheeler v. Tyler S. W. Ry. Co., 91 Texas, 356; Houston & T. C. Ry. Co. v. Patterson, 27 Texas Civ. App., 249.

Mrs. Doolan testified that she incurred certain expenses at Hearne for meals and lodging, and that she had to hire a conveyance to take her to Coolidge from a point on the Trinity & Brazos Valley Railway, where the train "had bogged up," but the cost of this latter item was not given. There was some testimony in the record tending to show that after she talked with the conductor at Hearne she voluntarily remained there until morning with the view of adjusting her ticket and taking the next train. We are inclined to believe that the charge submitting these matters for the consideration of the jury was probably error, in so far as it permitted a recovery for the hire of a conveyance, because there was no proof as to any amount paid therefor; and while the expense at Hearne was a proper charge under one view of the evidence, still, we think the charge should have gone further and stated that if the jury should believe that she voluntarily remained at Hearne the expenses thereafter incurred at said point were not properly chargeable against appellants.

The court at the request of plaintiffs gave the following charge, which forms the basis of complaint by appellants, in their eighth and ninth assignments of error: "Each and every railroad company doing business in this State is required by law to keep its depot buildings and its several stations for the accommodation of passengers warm for the comfort and accommodation of the traveling public; and if you believe from the evidence that while she was in the depot of the defendant companies at Hearne, or in that of either of them, the situation was such that, under the circumstances, considering the hours of the night, the state of the weather and the temperature of the atmosphere, the defendants or either of them could not reasonably have failed to keep the depot or that part of it in which Mrs. Doolan was waiting warm, but failed to do so; and if you also believe from the evidence that for want of such warmth her health became and was thereby injuriously affected, and that she thereby sustained actual damages, then, if under this and other instructions given you, you find for the plaintiffs and assess any damages for plaintiffs, you will consider such above said injuries, if any, as an element of damages."

We think this charge should not have been given for three reasons: 1st. Its meaning was not clear and intelligible, on account of the use of the phrase "could not reasonably have failed to keep the depot or that part of it in which Mrs. Doolan was waiting warm," and was therefore confusing and misleading.     2d. If this charge was in part predicated upon article 4521 of the Revised Civil Statutes, then it was insufficient, in that it failed to limit the duty of defendants, as required therein, to keep said depot warm for an hour before and after the departure of its trains.     (Texas Midland R. R. Co. v. Griggs, 106 S. W., 411; Gulf, C. & S. F. Ry. Co. v. Turner, 93 S. W., 195.) 3d. By their first proposition under said assignments appellants insist that said special charge should not have been given, because the same imposed upon defendants the duty of an inn-keeper to his guests, advising the jury that it was the absolute duty of the defendants to the traveling public to keep their depot building warm at all times, without regard to any necessity therefor or the state of the weather, etc.

Mrs. Doolan testified that upon her arrival at Hearne she entered the appellants' depot and remained there for the purpose of taking the northbound H. & T. C. Railway train out of Hearne, which it is shown left at 1:45 a. m., but that when said train arrived she was refused transportation from Hearne thereon, and that she then returned to the depot, where she remained until 3 o'clock a. m.     It was dark and cold; that she was in a strange place, saw no lights, and did not know where to go, and that there was no one there to give her any information; that she was very cold and there was no fire; that she took cold from the exposure, was frightened at being left alone, and from all of which she was made sick.     We think under the facts she was a passenger, and if the negligence of the company made it necessary for her to remain at the depot a longer time than that named in the statute, that then it was the duty of the company, so long as she was required to remain, and the night was cold and inclement, to have kept its depot building warm and comfortable, and if they negligently failed in this they would be liable for injuries proximately resulting therefrom.     The charge complained of, however, if free from the verbal inaccuracy above noticed, ought not to have been given, because it did not properly submit the issue raised by the evidence, in that it failed to submit as an issue to be found by the jury whether such acts complained of constituted negligence.     In Texas & Pac. Ry. Co. v. Cornelius, 10 Texas Civ. App., 125, where a recovery was sought on account of the failure of the company to keep its depot warm for a longer period of time than that named in the statute, and where injury resulted therefrom to a lady and her child, who were compelled to await the arrival of a delayed train, it was in effect held that, independent of the statute, a common-law duty was imposed upon the company to maintain a comfortable waiting-room under the circumstances named, and that if injury resulted from a negligent failure so to do the company was liable.     In that case the defendant sought to shield itself from liability by invoking the provisions of article 4521 of the Revised Statutes, which is as follows: "Every railroad company doing business in this State shall keep its depots or passenger houses in this State lighted and warmed and open to the ingress and egress

of all passengers who are entitled to go therein, for a time not less than one hour before the arrival and after the departure of all trains carrying passengers on such railroad, and every such railroad company, for each failure or refusal to comply with the provisions of this article, shall forfeit and pay to the State of Texas the sum of fifty dollars, which may be sued for and recovered in the name of the State in any court of competent jurisdiction, and shall be liable to the party injured for all damages by reason of such failure."

Justice Tarlton, delivering the opinion of the court, briefly quotes from the opinion of Dillon, C. J., in McDonald v. Chicago & N. W. Ry. Co., 26 Iowa, 138, as follows: "I have no hesitation in saying that, without any statute enacting it, there is a common-law duty on these companies to provide reasonable accommodations at stations for the passengers who are invited and expected to travel on their road. See Caterham R. Co. v. London, B. & S. C. R. Co., 87 E. C. L., 410." Continuing, Judge Tarlton says: "The fact in that case condemned as a violation of this duty was the permitting by the company of the accumulation in the passenger room of a great quantity of tobacco smoke, to the inconvenience and harassment of a lady passenger. It would thus seem to be equally a neglect of that duty to permit such a room to become cold, or to abstain unnecessarily from heating it so as to secure the comfort of the passenger who thus occupies it on the invitation of tht carrier. 2 Wood's Railway Law, 1165; International & G. N. Ry. Co. v. Stewart, 57 Texas, 167. Accordingly, it has been held that a railroad company is liable to persons lawfully on its premises for failure to keep them sufficiently lighted, and this without reference to any statutory provision. Texas & Pac. Ry. Co. v. McKenzie, 2 Texas U. C., 308; Rozwadosfskie v. International & G. N. Ry. Co., 1 Texas Civ. App., 494, 20 S. W., 872; Bish., Non. Con. Law, sec. 1086. The principle which requires that lights should be sufficiently provided to avoid the consequences of darkness requires that heat should be reasonably provided for the purpose of avoiding the effects of cold. It follows, therefore, that it was the duty of the company in this instance, unless it was relieved by the above-mentioned statute, to use ordinary care to heat the room set apart by it for the use of passengers for a reasonable time before the hour advertised for the arrival and departure of its trains. Was it relieved of this duty by the adoption of that statute? We think not. This enactment, as well as that of April 8, 1889, of which it is a substitute, but states the conditions under which the company, on failure to provide light and heat in the manner therein indicated, shall be held liable for the penalty at the suit of the State. It does not purport to define the conditions under which the person injured would be entitled to maintain an action for damages for a violation of a duty which exists at common law, and which is independent of the statute. If a reasonable construction of this enactment required us to hold that it was intended to relieve the railroad company from obligation to a person injured which existed prior to its adoption, our conclusion might be different."

The facts above recited were, in our judgment, a sufficient predicate for the submission of a proper charge in accordance with the principle

above announced, but, on account of the errors suggested in the charge as given, we sustain the assignments assailing it.

Appellants requested, but the court refused to give, the following special instruction: "You are instructed that the conductor of the International & Great Northern Railroad Company in charge of the train on which Mrs. Doolan traveled from Rockdale to Hearne, rested under no duty to correct the error, if any, in the ticket, nor to assist her to get a ticket to Coolidge." Appellants make its refusal by the court the basis of their eleventh assignment. We think the charge should have been given, as it stated a correct proposition of law, based upon the facts in evidence. We know of no authority, nor has our attention been called to any, which imposed such a duty on the conductor.

We overrule the twelfth, thirteenth, fourteenth, fifteenth, sixteenth and seventeenth assignments of error, which respectively complain of the refusal of the court to give a peremptory instruction in favor of appellants, and which assail the verdict of the jury as being against the law and unsupported by the evidence. Said peremptory instructions ought not to have been given, because the evidence raised issues upon which, in our judgment, the jury should have been properly instructed.

We refrain from discussing, in view of another trial, those assignments complaining of the finding of the jury based upon questions of fact.

The eighteenth and nineteenth assignments relate to the same matter, and may properly be considered together. The eighteenth complains that the verdict against both defendants jointly is not supported by the evidence and is contrary to the law in this, that a joint judgment could not be rendered herein under the pleadings and evidence; and the nineteenth contends that the verdict against both defendants jointly is likewise contrary to the law and the evidence, since all the evidence shows a several, if any, and not a joint liability. What we have said in disposing of the third assignment of error is applicable to these, and in the absence of allegation and proof of joint liability, we think they are well taken. There may be, it is true, a joint duty on the part of both companies to maintain and keep the depot heated, because there is some evidence tending to show that the depot in use at Hearne was a common depot for both roads.

For the errors heretofore indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*