## GENTRY et ux. v. McCARTY.

(Court of Civil Appeals of Texas. Amarillo. Nov. 18, 1911.)[1]

1. HUSBAND AND WIFE (§§ 249, 259*)—COMMUNITY PROPERTY.

Under Sayles' Ann. Civ. St. 1897, art. 2968, providing that all property acquired by either husband or wife during the marriage, except that acquired by gift, devise, or descent, shall be the common property of both, etc., a debt in favor of both for merchandise sold and delivered and a debt due the wife for personal services constitute community property, even if it was agreed that part of the proceeds when collected should belong to the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 911; Dec. Dig. §§ 249, 259.*]

2. HUSBAND AND WIFE (§ 270*)—COMMUNITY PROPERTY—SUITS TO RECOVER—PARTIES.

While suit to recover on an account due a community should be brought by the husband, that the wife was made party plaintiff was no ground for dismissing the cause; dismissal of the wife on timely exception being the proper remedy.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 971; Dec. Dig. § 270.*]

3. JUSTICES OF THE PEACE (§ 150*) — MISJOINDER OF PARTIES — WAIVER OF OBJECTION.

By failing to except in justice court for misjoinder of the wife in a suit on an account due a community, defendant waived the objection and could not urge it on appeal in the county court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 508–515; Dec. Dig. § 150.*]

Appeal from Floyd County Court; F. P. Henry, Judge.

Action by D. T. Gentry and wife against J. F. McCarty. From a judgment dismissing the cause on defendant's appeal from Justice Court, plaintiffs appeal. Reversed and remanded.

T. F. Houghton, for appellants. A. L. Love and J. B. Bartley, for appellee.

HALL, J. This action originated in the justice court of Floyd county and was based upon an account for work, provisions, and board. The account is drawn up in favor of D. T. Gentry and wife, and the several items therein are sugar, coal, flour, coffee, etc., and one item as follows: "Services of Mrs. D. T. Gentry for attending to rooms and waiting on J. F. McCarty and his son and company six months and one-half beginning November 13, 1908, $39.00." The total amount claimed to be due is $136.98. A trial in the justice court resulted in a judgment for plaintiffs in the sum of $70, from which appellee, McCarty, appealed to the county court. Before the trial and in the county court for the first time McCarty excepted to the plaintiffs' account, on the ground that

it showed a misjoinder of parties plaintiff, in that the cause of action is for community property, and "any judgment that might be secured herein would be community property. Wherefore defendant says that there is a misjoinder of parties plaintiff and this suit should be abated." To this exception the defendant excepted upon several grounds, not necessary to recite here. Appellants' exception was filed October 27, 1910. On the same day the court overruled the plaintiffs' exceptions to the defendant's plea in abatement, to which plaintiffs· excepted. It seems that no judgment was entered upon the merits, however, but on the following day plaintiffs filed a motion for a new trial, which was on the same day overruled. From a bill of exception, presenting matters of record, it seems that on the 2d day of November defendant filed what is called "First Amended Exception and Motion to Abate," but which the court ordered filed as of date October 27th. In this amended exception the defendant raises the issue that the cause of action as amended by defendant's oral pleading declaring that the item of $39, above set out in full, was the separate property of Mrs. Gentry, was setting up a new cause of action to said item; that the pleading showed on its face the misjoinder of parties, in that it appeared therefrom that plaintiffs were suing on a community demand for $95.48, and $39 as the separate property of Mrs. Gentry and a misjoinder of causes of action for the same reason; that therefore Mrs. Gentry was neither a necessary nor proper party in the case. Plaintiffs excepted to this on the ground that it was not filed until the 2d day of November, six days after the judgment of the court, dismissing the cause for misjoinder of parties and five days after the motion for a new trial was overruled, and that the objection to misjoinder of causes of action and parties was waived by reason of defendant's failure to raise that issue in the justice court, and upon the further ground that no damage was shown by such misjoinder, if any. The judgment entered as of the 27th day of October, 1910, sustained the defendant's exceptions, and the cause was ' dismissed, and from this order the plaintiffs appeal upon 13 assignments of error. Many of the assignments relate to the same matters, and it will not be necessary to consider them in detail.

[1-3] The entire account sued upon, as shown by the record before us, is community property of D. T. Gentry and .wife, even though they may have an agreement between themselves that part of the proceeds, when collected, shall belong to her. Sayles' Civil Statutes, art. 2968. While suit for recovery thereof should have been brought by him alone, the fact that Mrs. Gentry was made a party plaintiff was no ground for dismissing plaintiff's entire case. Johnson v. Erado, 50

[1] Filed in the Court of Civil Appeals for the Second Supreme Judicial District at Ft. Worth February 7, 1911, and transferred to this court by order of the Supreme Court July 1, 1911.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

S. W. 139; Lee v. Turner, 71 Tex. 264, 9 S. W. 149. Appellee's exception on the ground of misjoinder, if urged in the justice court, should have been sustained to the extent merely of dismissing Mrs. Gentry as a party plaintiff from the case. This not having been done, however, and no exception having been filed in the justice court, it was waived, and appellee could not urge the question of misjoinder in the county court. Matula v. Fitzgerald (Tex. App.) 15 S. W. 644.

The other matters not herein disposed of cannot arise upon another trial.

For the error sustaining the defendant's exception and dismissing the entire case, the judgment is reversed, and the cause remanded.