## VAUGHAN v. KISHINEFF.

### No. 2884.

Court of Civil Appeals of Texas. El Paso.

Oct. 12, 1933.

C. W. Croom, of El Paso, for appellant.

Fryer & Cunningham and Leo Jaffe, all of El Paso, for appellee.

PELPHREY, Chief Justice.

Some time prior to the institution of the present suit, appellant had sued appellee in the county court at law for a debt growing out of the sale of some bananas. After the suit was instituted appellant sued out a writ of attachment and had same levied upon 20,-481 pounds of bananas and 9 bushels of pears, the entire stock of goods belonging to appellee.

The fruit was sold the day following the levy by order of court and the proceeds of such sale, $291.04, deposited by the sheriff with the county clerk. Appellee then instituted this suit charging that appellant had falsely, knowingly, and maliciously, without probable cause, with intent to oppress and harass appellee and injure his business, made an affidavit that appellee was about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors; that as a result of such wrongful attachment, appellant had suffered actual damages in the sum of $500, and exemplary damages to the extent of $2,000.

In response to special issues the jury found: (1) That the affidavit for attachment was false; (2) that appellant acted with mal-ice in making it; (3) that he did not have probable cause to have the writ issued; (4) that the reasonable value of the fruit seized was $300; and (5) exemplary damages in the sum of $1,000.

Upon these findings the court rendered judgment for appellee for $1,300, and ordered that the $291.04 in the hands of the clerk be credited on the judgment.

One ground for reversal urged by appellant is that appellee's counsel indulged in improper argument.

The arguments objected to appear in appellant's bills of exceptions, as follows: "That plaintiff's counsel in his closing argument to the jury, argued that the plaintiff was a little man and the defendant was a big man and, in effect, argued at length that this was a case where the big fellow stepped upon the toes of the little fellow." And further: "That counsel for the plaintiff in his closing argument, argued to the jury that on the first day of every month, in, front of the court house, you could see the big fellows foreclosing mortgages on the little fellows, and that their properties were sold for inadequate prices because the ones being sold out haven't got any money to protect themselves, and that in this case, the plaintiff, Ben Kishineff, had been deprived of all his property by the defendant herein and did not have anything to bid with."

Reference in argument to the poverty or wealth of the contending parties is universally condemned by the courts of this state. Brown Cracker & Candy Co. v. Castle (Tex. Civ. App.) 26 S.W.(2d) 435; Fort Worth Belt R. Co. v. Johnson, 59 Tex. Civ. App. 105, 125 S. W. 387; Dallas Consolidated Electric St. R. Co. v. Black, 40 Tex. Civ. App. 415, 89 S. W. 1087; Texas & S. L. Railway Co. v. Jarrell, 60 Tex. 267; Willis & Bro. v. McNeill, 57 Tex. 465.

The argument being improper, the judgment should be reversed if there exists a reasonable doubt as to its harmful effect. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091, and cases cited.

Appellee's contention that the evidence discloses that appellant is a big fellow and appellee a little fellow, and therefore the argument was justified, cannot be sustained.

Regardless of what the facts may be, cases should not be decided upon the relative wealth of the parties, and counsel are not entitled to and should not depend upon arguing such facts to win their cases. Nor can we agree with his further contention that appellant invited the latter argument. There was nothing in the record as to foreclosures of mortgages and nothing said by appellant's counsel which invited such inflammatory remarks as those which the record reveals were made.

We find no error presented by the remaining propositions.

Because there is a reasonable doubt as to the harmful effect of the argument of appellee's counsel, the judgment is reversed and the cause remanded.