### TEXAS EMPLOYERS' INS. ASS'N v. BURNETT.

#### No. 1264.

Court of Civil Appeals of Texas. Eastland.

May 18, 1934.

Rehearing Denied June 8, 1934.

Lawther, Cox & Cramer and Shelby S. Cox, all of Dallas, and Conner & McRae, of Eastland, for appellant.

Grisham Bros. and J. A. Lantz, all of Eastland, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee against appellant for compensation for total permanent incapacity under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). Appellee was employed by the Texas Gas Engine & Tool Shop, and was working near a furnace. He testified that the door to the furnace in some manner was raised and flames and fumes were suddenly emitted therefrom and inhaled by him. From this traumatic pneumonia developed at once, and this was followed by tuberculosis. There is no question but that at the time of the trial appellee was afflicted with active tuberculosis, and was, at that time, a patient in the State Tubercular Sanatorium near Carlsbad, Tex.

The brief contains five assignments of error, which will be considered in their order. Assignments Nos. 1 and 2 will be considered together. They complain of the action of the trial court in refusing to submit two special issues requested by appellant as follows:

"No. 1. Do you find from a preponderance of the evidence that plaintiff's incapacity, if any, is not the natural result of bodily disease?

"No. 2. If you have answered special issue No. 1 requested by defendant, 'No,' and only in that event, you will answer the following: Do you find from a preponderance of the evidence that such bodily disease, if any, was the natural result of the injury, if any, sustained by plaintiff as alleged in plaintiff's petition?"

There are several reasons why the court did not err in refusing to submit these special issues, a few of which will be noticed. When the court prepared the main charge, there was embodied therein special issue No. 7 reading as follows: "Do you find from a preponderance of the evidence that the incapacity of plaintiff, if any, is not solely the result of causes other than the injuries, if any, sustained by plaintiff as alleged in his petition?"

When this charge was submitted to counsel for their examination and criticism, appellant's counsel objected to the submission of special issue No. 7 on two grounds: (1) That the issue is evidential and not an ultimate fact issue to be found by the jury; and (2) that it requires the jury to consider the allegations in plaintiff's pleadings. On account of such objections, the court struck said issue from his charge. If there was any vice in the issue prepared by the court and objected to by the appellant, the same vice inheres in the requested issues. The assignments that the court erred in refusing to submit these special issues are inconsistent with the objections made by appellant to the court's issue No. 7.

A consideration of the testimony makes it apparent that appellant's requested special issue No. 1 should not have been submitted to the jury, for it submitted no disputed fact issue. There was no conflict in the testimony on the question as to whether appellee's incapacity was due solely to bodily disease known as tuberculosis, and as to whether his incapacity was the natural result of such bodily disease. The only possible issue of fact was whether this tuberculosis arose out of his employment.

Another reason why the court did not err in refusing to submit appellant's issue No. 2 is found in the fact that it had already been submitted in the main charge as special issue No. 2–B, as follows:

"Do you find from a preponderance of the evidence that the injury, if any, sustained by plaintiff on October 13, 1932, is a proximate cause of plaintiff's said incapacity, if any?

"Answer Yes or No. Answer: Yes."

954

That issue, in employing the term "proximate cause," was somewhat onerous upon appellee, but of this appellant did not, and could not, complain.

The third assignment complains of the form of special issue No. 1 as contained in the court's charge. That issue was as follows: "Do you find from a preponderance of the evidence that the plaintiff, R. G. Burnett, sustained an injury on the 13th day of October 1932 as alleged in plaintiff's petition, while in the course of his employment with the Texas Gas Engine & Tool Shop?"

The objection to this issue, made the basis of assignment of error No. 3, was that it required the jury to consider the allegations in the pleadings of the plaintiff. It is the better practice so to frame the issues as not to make reference therein to the pleadings, but it is not the rule that every reference to pleadings is erroneous. There are instances when it is erroneous, as, for example, when the pleadings, with respect to the matter covered by the issue, contain allegations that are not supported by the evidence. But, in a case like the instant one, not based upon negligence, where the details as to how the accident happened are relatively unimportant, and there are no facts alleged which were not supported by testimony, a reference to the pleadings for identification should not operate to reverse a case. No possible harm could have resulted to appellant from the reference to the pleadings in the issue submitted. Texas & N. O. Ry. Co. v. Kelly, 98 Tex. 123, 80 S. W. 79; Andrews v. Wilding (Tex. Civ. App.) 193 S. W. 192 (error refused); Farmers' & Mechanics' National Bank v. Marshall (Tex. Civ. App.) 4 S.W.(2d) 165.

Assignments Nos. 4 and 5 will be considered together. They present a question of the jurisdiction of the trial court, based upon the following facts: The award of the Industrial Accident Board was rendered on April 1, 1933; on April 6 thereafter appellee deposited in the United States mail, addressed to the Industrial Accident Board, Austin, Tex., his notice of unwillingness to abide by said award. This notice was not filed by the board until April 8th, and appellee's original petition herein was filed on April 7th. Based upon these facts, it is contended that the trial court had no jurisdiction to determine the cause, for the reason that the suit was prematurely filed. If this were an open question, we would experience no difficulty in deciding that it is without merit, but it can-

not be said to be open for decision. It was decided contrary to appellant's contention in the case of Hart v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 42 S.W.(2d) 798 (error refused). It was likewise decided contrary to appellant's contention in Texas Employers' Ins. Ass'n v. Moore (Tex. Civ. App.) 46 S.W.(2d) 404, affirmed by the Supreme Court in an opinion not yet published [in State report] 70 S.W.(2d) 702. Assignments 4 and 5 are overruled.

Having considered and overruled each of the assignments of error, it is our order that the judgment of the trial court be affirmed.