**SANDERS et al. v. LOWRIMORE et al.**
**No. 1286.**

Court of Civil Appeals of Texas. Eastland.
June 8, 1934.

Rehearing Denied July 13, 1934.

W. S. Adamson and L. R. Pearson, both of Ranger, for appellants.

Grisham Bros., of Eastland, for appellees.

FUNDERBURK, Justice.

A. R. Lowrimore and wife sued Mrs. Lessie Jones, a feme sole (who subsequently married D. Sanders, and, by amended pleadings, was joined with the latter under her name of Mrs. Lessie Jones Sanders), to recover damages for personal injuries to Mrs. Lowrimore, growing out of a collision between automobiles. The collision occurred on August 2, 1930, on the highway between Eastland and Ranger, Tex. Plaintiffs' pleadings tendered many issues of negligence, proximate cause, and damages, and the defendants, in addition to general and special exceptions and a general denial, tendered issues of contributory negligence.

The judgment was for $15,000 rendered upon a verdict for plaintiffs returned in response to special issues submitted to the jury. The defendants have appealed.

■ The first assignment of error and proposition thereunder present the contention that the court erred in overruling appellants' special plea and special exception to appellees' petition, both calling in question the right of Mrs. Lowrimore to join as a party plaintiff. The injured wife was not a necessary party to the suit. Western Union Tel. Co. v. Cooper, 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772. It has many times been said she was neither a necessary nor a proper party. Texas C. Ry. Co. v. Burnett, 61 Tex. 638; Middlebrook Bros. v. Zapp, 73 Tex. 29, 10 S. W. 732; Edrington v. Newland, 57 Tex. 627; Lilly v. Yeary (Tex. Civ. App.) 152 S. W. 823; Lee v. Turner, 71 Tex. 264, 9 S. W. 149; Johnson v. Erado (Tex. Civ. App.) 50 S. W. 139; Western Union Tel. Co. v. Campbell, 36 Tex. Civ. App. 276, 81 S. W. 580; International & G. N. R. Co. v. Doolan, 56 Tex. Civ. App. 503, 120 S. W. 1118; Gentry v. McCarty (Tex. Civ. App.) 141 S. W. 152; Dallas Ry. & Terminal Co. v. Davis (Tex. Civ. App.) 26 S.W.(2d) 340; Galveston, H. & S. A. R. Co. v. Baumgarten, 31 Tex. Civ. App. 253, 72 S. W. 78. In Texas C. Ry. Co. v. Burnett, supra, a judgment was reversed because the court overruled an exception on the ground of misjoinder of the wife. This action was reaffirmed as correct practice in Middlebrook Bros. v. Zapp, supra; the point, however, not being presented for decision in that case. In San Antonio Street Ry. Co. v. Helm, 64 Tex. 147, the court, after referring to the action of the court upon this point in Texas C. Ry. Co. v. Burnett, said: "It is not for every erroneous ruling that a judgment should be reversed; but this should be done only in those cases in which the opposite party has probably been injured thereby. In suits of the character of the present, we are of the opinion that a judgment in favor of a husband and wife does not ordinarily operate to the prejudice of the defendant against whom it is rendered."

■■ Although the case in which this was said was one in which no exception for misjoinder had been made, and it was, therefore, dicta, it seems to have been subsequently regarded as a correct declaration of the law. It has been held a number of times, when the point was made in such suits, that the court did not commit reversible error in overruling a plea or exception of misjoinder. Lee v. Turner, supra; International & G. N. R.

Co. v. Doolan, supra; Dallas Ry. & Terminal Co. v. Davis, supra; Southern Ice & Utilities Co. v. Richardson (Tex. Civ. App.) 60 S.W. (2d) 308. A correct declaration of the law, as interpreted in these decisions, would seem to be that, although it is error to join a wife in a suit by the husband for community property, the error is not reversible, unless special injury be shown. Speer's Law of Marital Rights, p. 628; Southern Ice & Utilities Co. v. Richardson, supra. A question is here suggested regarding the possible effect of the decision in Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, 767. This decision undertook to settle an important question of practice. In so doing the court overruled a contention stated as follows: "To authorize a reversal on account of error, there must be a finding of prejudice." The true rule was declared to be that, when error is shown to exist, a reversal must follow, unless it affirmatively appears no prejudice resulted, or that there was no reasonable doubt of the harmless effect of the error. In other words, prejudice, injury, or harmful effect is presumed from the fact of error. This declaration of the rule was meant to be, and has been subsequently interpreted to be, applicable generally to all erroneous rulings and actions of a court whatever the subject-matter of such rulings or actions. No reason is perceived why it should not apply to the action of a court in overruling or sustaining special pleas or exceptions complaining of misjoinder of parties. The law as thus interpreted would appear to require reversal in a case like this where the joinder of the wife in the husband's suit respecting community property was duly excepted to and the exception overruled. However, we think these decisions are distinguishable. The rule or principle declared in Bell v. Blackwell, supra, was expressly limited to a particular kind of error. It was said: "Of course we are considering only material errors in any event." If errors are to be classified as material and immaterial, and only material errors are subject to the rule declared in Bell v. Blackwell, then we think the decisions hereinabove cited justify the declaration that the joinder of a wife in a case like this is an immaterial error. It is only error in the sense that it is wholly unnecessary that she be joined. Bell v. Blackwell, supra, is authority for the proposition that whether an error be material or not is a question of law, and not a question of fact. The question in this case is determinable upon the inquiry: Is the joinder of the wife reasonably calculated to prejudice or injure the defendants? We think not.

Appellants contend that prejudice was shown, in that, as a result of the court's ruling, Mrs. Lowrimore was exempted from the rule providing for the exclusion of witnesses from the court room, and was permitted to remain in the court room where the nature and extent of her injuries were likely to make an undue appeal to the emotions of the jury. The answer to this contention, we think, is that, whether named in the pleadings as a party or not, Mrs. Lowrimore was none the less a party in interest to the suit. As such, she was not subject to the rule. "Parties in interest, although not parties to the record, may not be excluded." 64 C. J. 121, § 132, note 32; Armstrong Packing Co. v. Clem (Tex. Civ. App.) 151 S. W. 576.

■■ Mrs. Annie Hunt, a witness for the plaintiffs, being asked where she first saw defendants' car, answered as follows: "I first saw it when it ripped around our car after we had got through the underpass coming toward Eastland." The answer was objected to and sought to be excluded, first because it was not responsive to the question, and, secondly, because it was a conclusion of the witness. The objection that it was not responsive was not available, since the question was not asked by appellants, but by appellees. 40 Cyc. 2447. The answer was not a conclusion. Humphries v. Louisiana Ry. & Irr. Co. (Tex. Com. App.) 291 S. W. 1094.

■ We overrule the further contention that a definition of "proximate cause" is incorrect, if it does not include as an element thereof "new and independent cause." Southern Ice & Utilities Co. v. Richardson, supra. While the Supreme Court granted a writ of error in this case, it has subsequently refused a writ of error in Texas & P. R. Co. v. Short (Tex. Civ. App.) 62 S.W.(2d) 995, 999. In the latter case, we held that "new and independent cause" or "efficient intervening cause"— meaning the same thing—was not a necessary element of the definition of proximate cause. We there suggested as a sufficient definition the following: "Proximate cause is a cause which should reasonably have been foreseen as likely to cause the injury in question or some similar injury." See, also, Panhandle & S. F. R. Co. v. Miller (Tex. Civ. App.) 64 S.W. (2d) 1076.

■ We are of the opinion that the court did not err in the respects of which complaint is made in regard to the submission of the issue of damages.

We are of the opinion that the medical and hospital bills were a part of the total damages, or means of measuring such damages,

resulting from the personal injuries to Mrs. Lowrimore, and were therefore properly included in the submission of the one issue of such damages.

■■ There was no error, we think, in the action of the court in refusing the requested special issues relating to the defense based upon the contention that at the place where the collision occurred there was a curve in the road preventing a clear view of the highway for a distance of 100 yards, and the alleged failure of A. R. Lowrimore under such circumstances to have his automobile under control. The requested issues assumed that the alleged facts constituted negligence per se by provision of Penal Code, art. 801 (M). No issue of negligence in fact was therefore requested to be submitted. We think said article 801 (M) is void for indefiniteness, the same as article 801 (J) was declared void in Abbott v. Andrews (Tex. Com. App.) 45 S.W.(2d) 568; article 800, in International & G. N. R. Co. v. Mallard (Tex. Com. App.) 277 S. W. 1051; article 790, in Ladd v. State, 115 Tex. Cr. R. 355, 27 S.W.(2d) 1098; and article 820 o, Vernon's Texas Statutes 1920, in Ex parte Slaughter, 92 Tex. Cr. R. 212, 243 S. W. 478, 26 A. L. R. 891. The issues were also properly refused because the definition of "under control," included as a part thereof, was incorrect. The effect of the definition was to make the operator of the automobile an insurer of its safety. It is the uncertainty of what "under control" means that renders the statute void. The requested issues not presenting a complete defense and containing an improper definition; there was no error in refusing to submit same. Moore v. Davis (Tex. Civ. App.) 16 S.W.(2d) 380; Texas Employers' Ins. Ass'n v. Burnett (Tex. Civ. App.) 72 S.W. (2d) 952.

■ We also overrule the contention that the court erred in not requiring the jury to answer special issues Nos. 12 and 13. The jury did answer special issue No. 12. These issues were submitted upon the request of appellant. The jury answered No. 12 "No." Issue No. 13 directed that it be answered only if the jury answered issue No. 12 "Yes." In other words, there was only a conditional submission of the issue. Being answered "No," the condition did not, therefore, exist upon which it was submitted. The result was just the same as if issue No. 13 had not been submitted and no request had been made for its submission.

■■ Appellees' counsel, in argument to the jury, in part said: "Regardless of what the doctor says about her recovery, the facts

show that Mr. Lowrimore has a crippled wife on his hands, and they show he is broke, and owes the hospital a large sum of money, with an old father to support," etc.

It was objected that this argument was inflammatory and prejudicial, and that it was not supported by the record. The objection was overruled. It is asserted, and the assertion is not disputed, that there was no evidence that Lowrimore was "broke," or that he "had an old father to support." The contention is correct, we think, that evidence to the effect that he had not paid all the hospital bills was no evidence that he was "broke." The argument had the effect to get before the jury as facts two material matters not in evidence. These matters were of a nature to make an undue appeal to the emotions of the jury. Where relevant to no issue in a case, it is generally regarded as prejudicial for counsel in argument to call attention to the poverty or wealth of the contending parties. Vaughan v. Kishineff (Tex. Civ. App.) 63 S.W. (2d) 1081, and the authorities there cited. The argument was undoubtedly improper. The action of the court in not sustaining objection to it, and to instruct the jury not to consider same, was, under the rule in Bell v. Blackwell, supra, material error, in that it was calculated to prejudice the defendants. Robbins v. Wynne (Tex. Com. App.) 44 S.W. (2d) 946; Gulf, C. & S. F. Ry. Co. v. Ballew (Tex. Com. App.) 66 S.W.(2d) 659; Southern Enterprises, Inc., v. Marek (Tex. Civ. App.) 68 S.W.(2d) 384; Long v. Galveston Electric Co. (Tex. Civ. App.) 59 S.W.(2d) 228; Gulf, C. & S. F. R. Co. v. Carson (Tex. Civ. App.) 63 S.W. (2d) 1096.

The other assignments of error are matters that perhaps will not arise upon another trial, and are passed over without decision.

Because of the error regarding the argument of counsel, in our opinion the judgment of the court below must be reversed, and the cause remanded, which is so ordered.

### On Rehearing.

 ██ Appellees in their motion for rehearing earnestly contend that the single assignment of error which we sustained in the original opinion should have been ruled by the principle quoted by this court from Michie's Digest, and applied in Taylor County v. Olds, 67 S.W.(2d) 1102, 1106, as follows: "If counsel for one party pursues a line of argument not called for by the facts of the case and in itself improper and thereby invites a reply, the party so, through counsel, violating a proper course of procedure and the rules intended to secure the proper presentation of causes ought not to be heard to complain of the reply, and in such cases the appellate courts will not reverse a judgment on an assignment of error based on such facts." For such principle to be applicable the argument complained of as improper must have some relation to the subject-matter of the argument of the adverse counsel. We do not understand that if one counsel go outside of the record in argument, that adverse counsel may in an entirely different respect also go outside the record and justify same, over proper objection, by the simple fact that counsel for the adverse party had done so. According to the trial judge's qualifications to the bill of exceptions, the argument of counsel for appellants which justified, if it did justify, the argument in question was that "counsel for defendants had also argued that their client was unable to respond in any judgment for a large amount, or for any amount; that she was not able to pay $1,000, etc." That was an entirely different subject-matter from the argument of appellees' counsel which we have held to require a reversal of the case. In fact, it is difficult to see any point in said argument of defendants' counsel. In Nicholson v. Nicholson, 22 S.W.(2d) 514, 518, this court held that an argument to the jury by the *plaintiff* that the judgment could not be collected from the defendant had a tendency to minimize the seriousness attaching to the amount of the judgment "since the jury could infer that under no circumstances would the plaintiff collect anything." The error was thought to be one prejudicial to the defendant. It is, therefore, not clear to us that the argument, which it is contended provoked the argument of appellees' counsel complained of, was necessarily prejudicial to appellees; but, be that as it may, that would not justify appellees' counsel in arguing the poverty of Mr. Lowrimore.

To illustrate the difference, suppose the argument complained of had been a statement to the jury provoked by said argument of appellants' counsel that the contention was not true, that she was not able to pay $1,000, or any amount, but that on the contrary she could pay any judgment the jury would render, or twice that amount, etc., such argument, though improper, would have been in direct response to the improper argument of adverse counsel, and would seem to fall within the rule stated. We cannot subscribe to the proposition that mere error in argument by one party can be made to justify errors of the other party though similar if there be no direct relation the one to the oth-

er, and such we hold to be the situation here presented.

The motion for rehearing is overruled.