## SANDERS et al. v. LOWRIMORE et al.
### No. 1286.

Court of Civil Appeals of Texas. Eastland.

Oct. 1, 1937.

Rehearing Denied Oct. 22, 1937.

L. R. Pearson and W. S. Adamson, both of Ranger, for appellants.

R. N. Grisham, of Tyler, for appellees.

FUNDERBURK, Justice.

At a former term this court reversed and remanded this cause, as shown by the opinion of the court. Sanders v. Lowrimore, 73 S.W.(2d) 148. The judgment rendered in accordance with said opinion was reversed by the Supreme Court. Lowrimore v. Sanders, 103 S.W.(2d) 739. The opinion of the Supreme Court would have required that the judgment of the trial court be affirmed, but for its conclusion reached upon consideration of a motion for rehearing that the Court of Civil Appeals had omitted to pass upon a duly presented question of the excessiveness of the verdict. Because that question was one over which the Supreme Court had no jurisdiction to determine under the facts shown by the record, the court reconsidered its original opinion and set aside its judgment, in so far as it affirmed the judgment of the trial court, and, instead, ordered a remand of the case to this court to be finally disposed of accordingly as such disposition may be affected by our conclusion as to whether or not the verdict was excessive.

■ The verdict was for $15,000 damages. Included therein the jury was well warranted by the evidence in finding as an element thereof hospital charges and doctors' fees in the sum of $2,300. If so, that fact would properly limit the inquiry to a question of whether there was evidence that the difference of $12,700 would be excessive, for permanent injury to a 26 year old attractive married woman, consisting of a shortening of one leg three or three and a half inches and an accompanyng atrophy of such member, the loss of the value of her services, and mental and physical suffering. In considering the question of excessiveness of the verdict, we should, of course, accept as true the evidence tending to support the verdict, and reject conflicting evidence tending to show excess. There was evidence to support the conclusion that Mrs. Lowrimore was in the hospital about one year. She was unable to work at the time of the trial, which was about three years after the occurrence of the accident. She suffered much physical pain during the year she was in the hospital, and was not entirely free from suffering at the time of the trial. There was evidence to justify the inference that aside from physical pain Mrs. Lowrimore must have greatly suffered mentally.

It is not deemed of any benefit for us to state more particularly all the considerations which lead us to conclude that we are not warranted in disturbing the verdict on the ground of excessiveness.

This conclusion, under the former opinion of this court, as modified by the opinion of the Supreme Court, requires that the judgment of the trial court be affirmed, and it is accordingly so ordered.